# EXHIBIT A

Fulton County Superior Court
***EFILED***LW
Date: 8/11/2020 5:13 PM
Cathelene Robinson, Clerk

## General Civil and Domestic Relations Case Filing Information Form

■ **Superior or** □ **State Court of** ___Fulton___ **County**

| For Clerk Use Only | |
|---|---|
| Date Filed __8/11/2020__<br>MM-DD-YYYY | Case Number __2020CV339288__ |

**Plaintiff(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Law | Gene | III | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Fulton County Board of Commissioners | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Fulton County Board of Commissioners, Chairman Robb Pitts | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Fulton County Chief Human Resources Officer, Kenneth L. Hermon, Jr. | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** ___Meghan S. Jones___   **State Bar Number** __807209__   **Self-Represented** □

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- □ Automobile Tort
- □ Civil Appeal
- □ Contempt/Modification/Other Post-Judgment
- □ Contract
- □ Garnishment
- □ General Tort
- □ Habeas Corpus
- ☑ Injunction/Mandamus/Other Writ
- □ Landlord/Tenant
- □ Medical Malpractice Tort
- □ Product Liability Tort
- □ Real Property
- □ Restraining Petition
- □ Other General Civil

**Domestic Relations Cases**
- □ Adoption
- □ Contempt
  - □ Non-payment of child support, medical support, or alimony
- □ Dissolution/Divorce/Separate Maintenance/Alimony
- □ Family Violence Petition
- □ Modification
  - □ Custody/Parenting Time/Visitation
- □ Paternity/Legitimation
- □ Support – IV-D
- □ Support – Private (non-IV-D)
- □ Other Domestic Relations

□ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**                **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

□ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____   **Language(s) Required**

□ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Fulton County Superior Court
***EFILED***LW
Date: 8/11/2020 5:13 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| Gene Law, III | : | |
| | : | CASE NO. **2020CV339288** |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| | : | JUDGE: |
| Fulton County Board of Commissioners; | : | |
| Fulton County Board of Commissioners | : | |
| Chairman Robb Pitts; Fulton County Chief | : | |
| Human Resources Officer, Kenneth L. | : | |
| Hermon, Jr., | : | |
| | : | |
| Defendants. | : | |

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, AND APPLICATION FOR WRIT OF MANDAMUS AND PROHIBITION

### INTRODUCTION

This action is brought to restrain the Fulton County Board of Commissioners from exceeding its authority and to declare the abolishment of the Fulton County Personnel Board "Personnel Board" pursuant to Fulton County Resolution #19-0221 to be an unconstitutional delegation of power and to be a nullity and for the Fulton County Personnel Board to be reinstated pursuant to Georgia Law Number 1341 the Fulton County Personnel Board and Merit System of Personnel Administration, General Assembly Act of 1982. Unless restrained the actions of the Fulton County Board of Commissioners will chill and impact Plaintiff's due process rights. By this complaint Plaintiff seeks an order invalidating Fulton County Resolution #19-0221 and any and all procedures adopted pursuant to the same. This Complaint seeks a temporary and permanent order restraining the Office of the Administrative Hearing Officer

1

from conducting any hearings pursuant to Fulton County Resolution #19-0221. Fulton County

Resolution #19-0221 as created is unconstitutional, contrary to the Constitution of the State of

Georgia, the Constitution of the United States, in particular the rights to due process under the

Fourteenth Amendment of the United States Constitution and art. I, § I, para. I of the Georgia

Constitution.

<u>JURISDICTION AND VENUE</u>

1.

This is a civil action whereby Plaintiff seeks a writ of prohibition and/or mandamus

together with declaratory judgment and preliminary and permanent injunctive relief restraining

Defendants, The Fulton County Board of Commissioners, the Chief Human Resources Officer

who oversees the Administrative Hearing Officer, its agents, servants and employees and those

in active concert and with actual notice thereof (hereinafter collectively "Defendants), from

acting in such a manner as to violate Plaintiff's right to Due Process of Law and Equal Protection

of the Law guaranteed under the Fourteenth Amendments to the United States Constitution and

the Georgia Constitution. Plaintiff also seeks a declaratory judgment that Defendants' policies

and procedures implemented under Fulton County Resolution #19-0221, are unconstitutional and

direct violations of Plaintiff's rights protected by the United States and the Georgia Constitution.

2.

This action also arises under the First and Fourteenth Amendments to the United States

Constitution, and under federal law, particularly 42 U.S.C. § 1983.

3.

This action also arises under the Official Georgia Code Annotated § 9-6-40 et. seq. and §

9-6-20 et. seq.

2

4.

This Court is authorized to grant Plaintiff's prayer regarding costs, including reasonable attorney's fees, pursuant to 42 U.S.C. §1988.

5.

This Court is authorized to grant declaratory judgment under the Declaratory Judgment Act, O.C.G.A § 9-4-2 and to issue the preliminary and permanent injunctive relief requested under Rule 65 of the Georgia Rules of Civil Procedure.

6.

Each and all of the acts alleged hereafter were done by Defendants within this judicial district, specifically Fulton County, and under the color and pretense of Georgia statutes, ordinances, regulations, customs and uses of law.

7.

The Office of the Fulton County Board of Commissioners is located within Fulton County and the Board and its members can be served with process in Fulton County at 141 Pryor Street, SW, Tenth Floor, Atlanta, Georgia 30303.

8.

The Office of the Chief Human Resources Officer Kenneth L. Hermon, Jr. is located within Fulton County and he can be served with process at 141 Pryor Street, SW, Suite 3030, Atlanta GA 30303.

PARTIES

9.

Plaintiff hereby incorporates and adopts each and every allegation in preceding paragraphs numbered 1-8.

10.

Defendant Robb Pitts is the Chairman of the Fulton County Board of Commissioners (hereinafter "Defendants or Board of Commissioners") and the Fulton County Board of Commissioners is a public entity that was established, organized and authorized pursuant to Section 1-70 of the Code of Resolution of Fulton County, Georgia. See also (1880-81 Ga. Laws (Act No. 3), page 508, § 1; 1952 Ga. Laws (Act No. 814), page 2672; 1973 Ga. Laws (Act No. 130), page 2462, § 1). Defendant Kenneth L. Hermon, Jr. is the Chief Human Resource Officer of Fulton County. Part of his duties include administering the Administrative Hearing Officer system.

FACTUAL BACKGROUND

11.

Plaintiff was hired by the Fulton County Sheriff's Office ("FCSO") on or about October 4, 2017.

12.

After finishing his probationary period, Plaintiff became a classified employee of Fulton County and the FCSO.

13.

Plaintiff has a property interest in his employment which is protected by his rights to due process under the Fourteenth Amendment of the United States Constitution and art. I, § I, para. I of the Georgia Constitution, and Georgia Law Number 1341 the Fulton County Personnel Board and Merit System of Personnel Administration, General Assembly Act of 1982.

14.

Pursuant to Georgia Law Number 1341 and policies promulgated from it, Plaintiff may only be disciplined for cause and may challenge an adverse disciplinary action taken against him by Fulton County or the FCSO.

15.

From 1982 until 2019, the mechanism for a classified Fulton County employee to challenge an adverse disciplinary action was via an appeal to the Fulton County Personnel Board.

16.

The Fulton County Personnel Board, a group of individuals appointed by the Defendants Board of Commissioners, would oversee the appeal and issue a decision either upholding or reversing the Appointing Authority's action. Said decision was binding and was appealable only to the Fulton County Superior Court by writ of certiorari.

17.

In April 2019, pursuant to purported "Home Rule" powers, the Board of Commissioners, via Fulton County Resolution #19-0221, abolished the Personnel Board and replaced it with an Administrative Hearing Officer System.

18.

On March 6, 2020, the FCSO terminated Plaintiff. The grounds for such termination were a violation of Fulton County Personnel Policy and Procedure 305-16 Art.7. Fraud , Falsehood, Perjury and Malfeasance, (herein "Article 7").

19.

FCSO also issued a written warning to Plaintiff for an alleged violation of Fulton County Personnel Policy and Procedure 305-16 Art.22 Miscellaneous: Fulton County Sheriff's Officer Standard Operating Procedure 6.15 Body Word Camera (BWC) VIII. BWC Activation and Deactivation.

20.

Plaintiff timely filed an appeal on March 14, 2020.

21.

On June 25, 2020, pursuant to the Appeal Hearing Ground rules, the parties attended a pre-hearing conciliation meeting. At that hearing, Plaintiff objected to the authority of the Administrative Hearing Officer "AHO".

22.

On August 10, 2020, Plaintiff filed a motion objecting to the AHO's authority and calling for a reinstatement of the Personnel Board to hear the case.

23.

The Appeal Hearing before an Administrative Hearing Officer has been scheduled for August 13, 2020. Pursuant to a Standing Order the hearing will proceed via remote conferencing.

24.

In abolishing the Personnel Board, the Board of Commissioners exceeded their legal authority.  Such action constituted an impermissible overreaching act in violation of Georgia Constitution art. IX, § II, para. I(a ) and art. I, § I, para. I, and the Fourteenth Amendment to the United States Constitution.

25.

Plaintiff has a right to an appeal hearing before the Personnel Board, pursuant to rights afforded to him by the General Assembly and pursuant to his contractual agreement with the Fulton County Sheriff's Office and Fulton County Government.

DECLARATORY RELIEF

26.

Plaintiff hereby incorporates and adopts each and every allegation in preceding paragraphs numbered 1- 25.

27.

Plaintiff submits and contends, as set forth above, that Fulton County Resolution #19-0221 specifically, the abolishment of the Personnel Board and the implementation of the Administrative Hearing Officer system is unlawful. A judicial declaration is therefore necessary and appropriate regarding the validity of Fulton County Resolution #19-0221.

INJUNCTIVE RELIEF

28.

Plaintiffs' hereby incorporates and adopts each and every allegation in preceding paragraphs numbered 1- 27.

29.

Fulton County Resolution #19-0221 and the policies and procedures promulgated pursuant to Fulton County Resolution #19-0221 conflict with the Georgia Constitution art. IX, § II, para. I(a ) and art. I, § I, para. I, and the Fourteenth Amendment to the United States Constitution.

7

30.

Plaintiff has no adequate remedy at law, in the absence of this Court's injunction, to prevent Defendants from acting unconstitutionally and exceeding their authority, and preventing the Office of the Administrative Hearing Officer from exceeding its jurisdiction. If the Court does not act, and the hearing before the Administrative Hearing Officer proceeds, Plaintiff will be immediately and irreparably harmed.

WRIT OF MANDAMUS AND PROHIBTION PURSUANT TO O.C.G.A. § 9-6-20; O.C.G.A. § 9-6-40

31.

Plaintiff hereby incorporates and adopts each and every allegation in preceding paragraphs numbered 1- 30.

32.

A writ of mandamus is a remedy to be used on occasions where the law has established no specific remedy and justice requires it.

33.

The purpose of the writ is to enforce an established right or to enforce the performance of a duty.

34.

Pursuant to O.C.G. A § 9-6-20 a writ of mandamus may issue to compel a due performance if there is no other specific legal remedy for the legal rights.

35.

Plaintiff has a right to have his appeal heard by the Fulton County Personnel Board pursuant to Georgia Law Number 1341. Plaintiff seeks to require the performance of this legal duty.

36.

The Administrative Hearing Officer has no authority to hear Plaintiff's appeal.

37.

The Court should order Defendants to immediately cease all enforcement of Fulton County Resolution #19-0221 and direct that the Office of the Administrative Hearing Officer cease to hold any administrative appeals pending further order of the Court.

38.

The Court should order Defendants to cease and desist from enforcing any of its policies and procedures which are in conflict with the United States Constitution and the Georgia Constitution alleged herein.

39.

The Court should order Defendants to reinstate the Fulton County Personal Board.

**WHEREFORE,** Plaintiff respectfully prays for judgment as follows:

1. That this Court issue preliminary and permanent injunctions restraining Defendants and all persons acting pursuant to their direction and control from taking any further steps to administer and/or enforce Fulton County Resolution #19-0221, including without limit investigating alleged violations and complaints; and to declare those procedures illegal.

2. That this Court issue a judgment declaring that Fulton County Resolution #19-0221 is unenforceable.

3. That this Court enter an order declaring that the acts of Administrative Hearing Officer to be unconstitutional.

4. That this Court issue a writ of prohibition and a writ of mandamus ordering the Defendants to immediately to cease and desist from enforcing any and all of the Office of the Administrative Hearing Officers Rules of Procedures, including any hearings.

5. That this Court grant a temporary restraining order "TRO" or preliminary injunction restraining the Defendants from going forward with a hearing before an Administrative Hearing Officer pursuant to Fulton County Resolution #19-0221.

6. That this Court issue a writ of prohibition and a writ of mandamus ordering the Defendants to reinstate the Fulton County Personnel Board to hear Plaintiff's pending appeal.

7. That this Court give Plaintiff an opportunity to be heard via oral argument in regard to issuing a preliminary injunction; and at a later time to be heard on the relief sought in its totality.

8. On each and every cause of action, that this Court grant such other, or further relief, as the Court may deem just and proper.


This 11th day of August, 2020.

/s/ *Meghan S. Jones*

_____

Meghan S. Jones
Georgia Bar # 807209
Attorney for Plaintiff


The Jones Law Firm, LLP
1269 Monroe Drive N.E.
Atlanta, Georgia 30306

(770) 716-1306, (404) 549-3036

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

Gene Law, III                    :

       :

       Plaintiff,          :

v.                       :

       :

       :

Fulton County Board of Commissioners;  :

Fulton County Board of Commissioners  :

Chairman Robb Pitts; Fulton County Chief  :

Human Resources Officer, Kenneth L.    :

Hermon, Jr.,                  :

       :

       Defendants.       :

## <u>GENE LAW, III'S VERIFICATION</u>

I, the undersigned Gene Law, III do verify that the Verified Complaint For Declaratory

Judgment, Preliminary And Permanent Injunctive Relief, And Application For Writ Of

Mandamus And Prohibition and the Brief In Support Of Verified Complaint For Declaratory

Judgment, Preliminary And Permanent Injunctive Relief, And Application For Writ Of

Mandamus And Prohibition is true and correct to the best of my belief and knowledge.

 

_____

Gene Law, III (Aug 11, 2020 14:24 EDT)

Gene Law, III

        Sworn and subscribed to me

this _**11**_____ day of August 2020.

Fulton County Superior Court
***EFILED***LW
Date: 8/11/2020 5:13 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

|  |  |  |  |
|---|---|---|---|
| Gene Law, III, | : | | |
| | : | CASE NO. | **2020CV339288** |
| Plaintiff, | : | | |
| v. | : | | |
| | : | | |
| | : | JUDGE: | |
| Fulton County Board of Commissioners; | : | | |
| Fulton County Board of Commissioners | : | | |
| Chairman Robb Pitts; Fulton County Chief | : | | |
| Human Resources Officer, Kenneth L. | : | | |
| Hermon, Jr., | : | | |
| | : | | |
| Defendants. | : | | |

### BRIEF IN SUPPORT OF VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, AND APPLICATION FOR WRIT OF MANDAMUS AND PROHIBITION

Comes now Gene Law, III Plaintiff in the above styled case and files his brief in support

of his Verified Complaint for Declaratory Judgment, Preliminary and Permanent Injunctive

Relief, and Application for Writ of Mandamus and Prohibition and shows this Honorable Court

as follows:

### INTRODUCTION

This action is brought to restrain the Fulton County Board of Commissioners from

exceeding its authority and to declare the abolishment of the Fulton County Personnel Board

pursuant to Fulton County Resolution #19-0221 to be an unconstitutional delegation of power

and to be a nullity, and for the Fulton County Personnel Board to be reinstated pursuant to

Georgia Law Number 1341 the Fulton County Personnel Board and Merit System of Personnel

Administration, General Assembly Act of 1982. Unless restrained the actions of the Fulton

County Board of Commissioners will chill and impact Plaintiff's due process rights. By this

1

complaint, Plaintiff seeks an order invalidating Fulton County Resolution #19-0221 and any and all procedures adopted pursuant to the same. This Writ seeks a temporary and a permanent order restraining the Office of the Administrative Hearing Officer, which is administered by the Chief Human Resources Officer Kenneth L. Hermon, Jr., from conducting any hearings pursuant to Fulton County Resolution #19-0221. Fulton County Resolution #19-0221 as created is unconstitutional, contrary to the Constitution of the State of Georgia, the Constitution of the United States, in particular the rights to due process under the Fourteenth Amendment of the United States Constitution and art. I, § I, para. I of the Georgia Constitution, and art. IX, § II, para. I(a) of the Georgia Constitution.

## FACTUAL BACKGROUND

Plaintiff is a classified employee of Fulton County and Fulton County Sheriff's Office ("FCSO" or "Appointing Authority").  He has a property interest in her employment which is protected under the due process clause of the Fourteenth Amendment of the United States Constitution and art. I, § I, para. I of the Georgia Constitution.  Plaintiff's property interest in  his employment is expressly outlined in Georgia Law Number 1341 the Fulton County Personnel Board and Merit System of Personnel Administration, General Assembly Act of 1982. This act is commonly known as the "Fulton County Civil Service Act," (herein referred to as "the Act"). Pursuant to the Act and policies promulgated from it, Plaintiff may only be disciplined for cause and may challenge an adverse disciplinary action taken against him by the Appointing Authority. Since 1982, the mechanism for an employee to challenge such action was an appeal to the Fulton County Personnel Board (herein "the Personnel Board"). The Personnel Board, a group of individuals appointed by the Defendants Board of Commissioners, would oversee the appeal and

2

issue a decision either upholding or reversing the Appointing Authority's action. Said decision was binding and was appealable only to the Fulton County Superior Court by writ of certiorari.

Plaintiff was hired by the FCSO on or about October 4, 2017, and, after finishing his probationary period, he became a classified employee and thus was entitled to the protections afford by the Act.  These protections, among other rights, were guaranteed to Plaintiff as a right that accompanied his tenure with Fulton County and FCSO and attached to the property rights he holds. A right to an appeal before the Personnel Board was afforded to Plaintiff by virtue of his contractual relationship with the FCSO and with Fulton County; and also a right afforded by the Georgia General Assembly to Fulton County civil servants pursuant to the Act.

In April 2019, pursuant to purported "Home Rule" powers, the Board of Commissioners abolished the Personnel Board and replaced with it with an Administrative Hearing Officer System.

On March 6, 2020, the FCSO terminated Plaintiff. The grounds for such termination were a violation of Fulton County Personnel Policy and Procedure 305-16 Art.7. Fraud, Falsehood, Perjury, and Malfeasance, (herein "Article 7"). FCSO also issued a written warning to Plaintiff for an alleged violation of Fulton County Personnel Policy and Procedure 305-16 Art.22 Miscellaneous: Fulton County Sheriff's Officer Standard Operating Procedure 6.15 Body Word Camera (BWC) VIII. BWC Activation and Deactivation. Plaintiff timely filed an appeal on March 14, 2020.

The Appeal Hearing before an Administrative Hearing Officer has been scheduled for August 13, 2020. The Chief Human Resources Officer has advised that the hearing will proceed via remote conferencing.

In abolishing the Personnel Board, the Board of Commissioners exceeded their legal authority.  Such action constituted an impermissible overreaching act in violation of the Georgia Constitution art. IX, § II, para. I(a) and art. I, § I, para. I, and the Fourteenth Amendment to the United States Constitution.

Plaintiff has a right to an appeal hearing before the Personnel Board, pursuant to rights afforded to her by the General Assembly and pursuant to his contractual agreement with the Fulton County Sheriff's Office and Fulton County Government.  He moves that the Personnel Board be reinstated to hear his appeal.

## **ARGUMENT AND CITATION OF AUTHORITY**

1.  **Because the Fulton County Personnel Board was not legitimately dissolved, the Administrative Hearing Officer lacks the authority to hear the case. Accordingly, this Court should order that the Personnel Board be reinstated to hear the appeal.**

The events giving raise to Plaintiff's appeal occurred on August 24, 2018. In April 2019, pursuant to purported "Home Rule" powers, the Board of Commissioners abolished the Personnel Board and replaced with it with an Administrative Hearing Officer system. In doing so, the Board of Commissioners exceeded their legal authority.  Such action constituted an impermissible overreaching act in violation of the Georgia Constitution.

A.  **History of the Fulton County Personnel Board.**

In 1982 the Georgia General Assembly passed Act No. 1341 (HB 1501), short title "Fulton County Personnel Board and Merit System of Personnel Administration", to create the Fulton County Merit System of the Personnel Administration (Civil Service). Ga. L. 1982, p. 4896-4909. Commonly referred to as the Fulton County Civil Service Act, the Act governs the composition and authority of the Fulton County Personnel Board.  "[T]he Fulton County

4

Personnel Board was created to completely and exhaustively revise, amend, reestablish, and continue for Fulton County a high quality merit system of personnel administration based upon accepted merit principles and recognized methods governing the appointment, promotion, transfer, layoff, removal, discipline, and well-being of employees who are governed by this Act, and for personnel actions associated with Fulton County employment." *See* Exhibit 1 certified copy of Fulton County Resolution #15-1198, citing to 1982 the Ga. L. 1982, p. 4896.

In 2019, pursuant to Resolution #19-0221, Defendants Board of Commissioners abolished the Personnel Board and replaced that body with an Administrative Hearing Officer system. *See* Exhibit 2 certified copy of Fulton County Resolution #19-0221. Specifically, the resolution repealed and replaced in its entirety Sections 2 and 3 of the Civil Service Act, the portions of the Act that sets forth the Personnel Board's powers and defines its composition. The Resolution was brought by the County Attorney and passed with a 4-2 vote by the Board of Commissioners. *See* Exhibit 2; Exhibit 3 certified copy of March 20, 2019, Board of Commissioner meeting minutes at pages 43; and Exhibit 4 certified copy of April 10, 2019, Board of Commissioner meeting minutes at pages 58, 60, and 62. Key changes were made that have lasting implications on the structure of employee appeals. In the past, the Personnel Board was made up of a group of individuals who would conduct hearings and investigations, render decisions, and order execution of those decisions. They were advised by an independent attorney who was paid a yearly stipend. In addition to other duties, that attorney attended hearings, ruled on evidentiary objections and motions, and drafted orders for the Board's review and signature to rule on the cases that they heard. The abolishment of the Personnel Board also ended the service of the advisory attorney, and under the current regime, a lone Administrative Hearing Officer, who is an attorney, makes all rulings of fact and law. Further, the current rules permit the County

Attorney, the same agency that brought the resolution before Defendants, to assist in writing or rewriting the rules applicable to the administrative appeals.

## B. **Defendants' abolishment of the Personnel Board violated the Georgia Constitution.**

The abolishment of the Personnel Board and the institution of the new administrative appeal system were implemented by Defendants via resolution under the Home Rule provision of the Georgia Constitution. However, such vast changes exceeded the authority granted by the Home Rule provision. Further they constitute a change to Fulton County government and a judicial body which can only be taken by the General Assembly through local act or general law. Accordingly, Defendants' actions are unconstitutional and the Personnel Board must be reinstated with all powers afforded to it by the General Assembly.

A determination of whether Defendants exceeded their power in abolishing the Personnel Board must first begin with an examination of where the authority of the Personnel Board arose. "In order to place employees under a county civil service system, specific legislation must be passed pursuant to a constitutional amendment, or the procedure set out in O.C.G.A. § 36-1-211." *Hill v. Watkins*, 280 Ga. 278, 279(1), 627 S.E.2d 3 (2006).  The Fulton County Civil Service system was instituted under the former[1] --- In 1982, the Georgia General Assembly passed Act No. 1341 (HB 1501) to create the Fulton County Civil Service Act "the Act". Ga. L. 1982, 4896-4909. The Act was entitled "An Act to completely and exhaustively revise, supersede, consolidate, and replace all of the laws and amendments thereto pertaining to the *Fulton County Personnel Board* and the Fulton County Merit System of Personnel

---

[1] O.C.G.A. § 36-1-21 is inapplicable where a civil service system is created by the General Assembly as was the County's. *See Ferdinand v. Board of Commissioners of Fulton County*, 281 Ga. 643, 645 n.4, 641 S.E.2d 787 (2007).

Administration". *Id.* at 4896 (emphasis added). The short title was "*Fulton County Personnel Board* and Merit System of Personnel Administration." *Id.* (emphasis added). The Act outlined the powers, duties, composition and authority of the Fulton County Personnel Board, and set forth that the Personal Board would conduct hearings and investigations, render decisions, and order execution of those decisions involving cases brought under the Civil Service Act.

A county governing authority only has the powers given to it by the legislature. *McCray v. Cobb County,* 251 Ga. 24, 302 S.E.2d 563 (1983). County commissioners' powers are strictly limited by law, and those bodies cannot take any action except under the authority of law. *Mobley v. Polk County*, 242 Ga. 798, 251 S.E.2d 538 (1979).  Neither the counties of this state nor their officers can do any act, make any contract, nor incur any liability not authorized by some legislative act applicable thereto. *Bowers v. Hanks*, 152 Ga. 659, 111 S.E. 38 (1921); *McCrory Co. v. Bd. of Comrs. of Fulton County*, 177 Ga. 242, 170 S.E. 18 (1933); *DeKalb County v. Atlanta Gas Light Co.*, 228 Ga. 512, 186 S.E.2d 732 (1972). If there is reasonable doubt of the existence of a particular power of the board of commissioners, the doubt is to be resolved in the negative. *Beazley v. DeKalb County*, 210 Ga. 41, 77 S.E.2d 740 (1953*); City of Doraville v. Southern R. Co.,* 227 Ga. 504, 181 S.E.2d 346 (1971). Powers of county commissioners are strictly limited by law, and they can do nothing except under authority of law. *Warren v. Walton,* 231 Ga. 495, 202 S.E.2d 405 (1973).

Defendants abolished the Personnel Board under their purported Home Rule powers. The Georgia Constitution sets forth the "Home Rule" power of counties and provides that "the governing authority of each county shall have legislative power to adopt clearly reasonable ordinances, resolutions, or regulations relating to its property, affairs, and local government for

which no provision has been made by general law and which is not inconsistent with this Constitution or any local law." GA Const, art. IX, § II, para. I(a).

A county's power is not without limits. Paragraph 1(c) of the county home rule provision provides that the general powers granted to counties shall not extend to any action affecting any elective county office, the composition and form of the county governing authority, or any court or the personnel thereof except by general law or local act.  *See* GA Const. art. IX, § II, para. I(c). [2]

At issue then is whether Defendants acted without authority to abolish the Personnel Board by doing so within its home rule powers. This is a matter of first impression.[3] Never before has a county acted to make such sweeping changes to a civil service board through resolution using its home rule powers. Georgia Courts, however, have examined similar situations which indicate that Defendants exceeded their authority by abolishing the Personnel Board.

---

2 Subsection (c) provides:

(c) The power granted to counties in subparagraphs (a) and (b) above shall not be construed to extend to the following matters ...:

(1) Action affecting any elective county office, the salaries thereof, or the personnel thereof, except the personnel subject to the jurisdiction of the county governing authority.

(2) Action affecting the composition, form, procedure for election or appointment, compensation, and expenses and allowances in the nature of compensation of the county governing authority…..

(7) Action affecting any court or the personnel thereof.

3 The matter has been recently considered by the Fulton County Superior Court in *Bellomy v. Jackson*, No. 2019CV330489 (Fulton County Superior, June 22, 2020) in which the Court issued a ruling adverse to the arguments set forth in this motion. An Application for a Discretionary Appeal was filed with the Georgia Court of Appeals, No A21D0002 on July 20, 2020. The Court of Appeals has not yet issued a ruling on this Application.

For example, in *Jackson v. Inman*, 232 Ga. 566, 207 S.E.2d 475 (1974), the Georgia

Supreme Court held that a special Act of the General Assembly was necessary to authorize the

City of Atlanta to implement a vast administrative reorganization of city government. The home

rule laws did not provide the City with sufficient authority to make fundamental and substantives

changes to city government. Specifically, a special act of the General Assembly was required to

switch from a strong commission form of government, under which the board of aldermen

legislated and supervised administrative departments of the city through committees, to a new

form of government, with the mayor as the executive, and the council as the legislative body.

*Jackson* at 569.  In reaching its decision, the Court noted, "The General Assembly has reserved

the legislative power to enact new charters for existing cities when such charters include drastic

changes in the composition and form of city government and the election and terms of office of

the members of the governing authority of cities as in this new charter for Atlanta. This specific

power was expressly reserved by the General Assembly in the 1965 Home Rule Act and is found

in Code Ann. § 69-1018 (a) (1)." *Jackson* at 570. [4,5.]

Similarly, Georgia Courts have ruled that a board of commissioners exceeded their home

rule powers by removing a chairman from a position as the chief executive officer of the county

and transferring such authority to a county manager. *See generally Gray v. Dixon*, 249 Ga. 159,

289 S.E.2d 237 (Ga., 1982). The Supreme Court further provided that a board of commissioners

exceeded its powers by naming itself as the appointing authority of county employees and hiring

an administrative assistant to the board.  *Krieger v. Walton Count Bd. Of Com.*, 269 Ga. 678,

684, 506 S.E.2d 366 (1998). Notably, in *Krieger,* the Court's ruling was based on an observation

---

[4] Former Code Ann. § 69-1018 (a) (1) is now codified under O.C.G.A. § 36-35-6.
[5] While *Jackson v. Inman* pertains to municipalities and not counties, given that the home rule laws pertaining to municipalities' mirror the laws governing counties, insight can be gleaned from this decision.

that the civil service personal policies themselves contained language that foreclosed the proposed change. In the instant case, the language contained in the General Assembly Act of 1982 clearly sets forth its intention that the Fulton County Civil Service be effectuated by means of the Personal Board.  The Personnel Board is mentioned by name in the title of the Act and thus makes up the very essence of the Civil Service Act itself. By including the Fulton County Personnel Board in the name of the Act, the Georgia Assembly made known its legislative intent. A board of commissioners only has the powers given to it by the General Assembly. *McCray v. Cobb County*, 251 Ga. 24, 302 S.E.2d 563 (1983).  Thus, by the reasoning set forth in *Krieger*, which held that the County's own policies could constrain the actions of the Board of Commissioners, they are surely constrained by the directives of the General Assembly from which their power to act is derived. Stated another way, the General Assembly enacted the Fulton County Merit System, and through express language empowered the Personnel Board to be the adjudicatory branch of same; and while the Board of Commissioners may make amendments to the Act, because they may not exceed their authority granted to them by the General Assembly, they may not completely abolish key aspects of the Act. To find otherwise would grant Defendants the authority to undermine the General Assembly's acts and directives. Accordingly, abolishing the Personnel Board affected the composition and form of Fulton County governing authority and thus was impermissible under GA Const. art. IX, § II, para. I(c). Furthermore, abolishing the Personnel Board and replacing it with the Administrative Hearing Officer system was inconsistent with Act No. 1341 (HB 1501) and thus in violation of GA Const, art. IX, § II, para. I(a).

While Courts have ruled that a board of commissioners may enact ordinances pertaining to the civil service boards within a county (*see generally Forbes v. Lovett*, 227 Ga. 772, 183

S.E.2d 371 (1971)), there is no precedent that permits a board of commissioners to abolish a civil service board and replace it with a lone hearing officer. Furthermore, the abolishment of the Personnel Board is impermissible under subsection c(7) of the Home Rule powers which provides that home rule powers do not extend to any "action affecting any court or personnel thereof." As set forth in Fulton County policy, the appeal hearing over which the Personal Board oversaw is quasi-judicial and thus the Personal Board overseeing these hearings is a quasi-judicial body. *See* Exhibit 6 certified copy of former Fulton County Personnel Procedure 300-16 at 300-16-3, paragraph 3. The Personnel Board has the authority to review evidence, hear witness testimony and issue a decision. *Id.* at 300-16-5. "The decision of the Personnel Board in such cases is final and conclusive in the absence of an appellate review in the courts (by writ of certiorari)." *Id.* at 300-16-17. *See Barrett v. Sanders*, 262 Ga. App. 63, 67, 584 S.E.2d 676, 680 (2003) which identifies the personnel board as an "inferior judicial body."  Accordingly, the Personal Board functioned as a Court and its Board Members, advisory attorney and individual staff were its personnel. Abolishing the Personnel Board thus affected a court and its personnel, and was impermissible under the Constitution.

**C.**  **The Resolution to abolish the Personnel Board was not enacted in compliance with the Constitution of the State of Georgia of 1983 art. IX, § II, para. I and is unconstitutional and void**

Even if Defendants had the power to abolish the Personnel Board, as they did not follow the proper process under the Home Rule provision of the Constitution to implement the changes, the Resolution is unconstitutional and void. The aforementioned Home Rule powers are granted to the *governing authority* of each county. *See* GA Const. art. IX, § II, para. I(a) (emphasis added). This power lies with the governing authority and cannot be delegated to other agencies. *Gray v. Dixon*, 249 Ga. 159, 289 S.E.2d 237 (1982).  Fulton County is governed by the Board of

11

Commissioners and the County Manager. Only those two entities are authorized to place items on the Board of Commissioners Agenda. *See* Exhibit 5 certified copy of Code of Resolution of Fulton County, Georgia 101-65 and 101-66 (2019). Fulton County Ordinance Resolution #19-0221, however, was placed on the Board of Commissioner's agenda by the County Attorney. *See* Exhibit 2; Exhibit 3 certified copy of March 20, 2019 Board of Commissioner meeting minutes at pages 43; and Exhibit 4 certified copy of April 10, 2019 Board of Commissioner meeting minutes at pages 58, 60, and 62. As set forth in the March 20, 2019 and April 10, 2019 meeting minutes, the County Attorney spearheaded the abolishment of the Personnel Board, added Resolution #19-0221 to the agenda without the direction of the Board of Commissioners, drafted the proposed changes, and performed all research to support her unsubstantiated claim that the Personnel Board was inefficient and biased.  *See* Exhibit 3 at p. 43-49 and Exhibit 4 at p. 53-62. Such action by the County Attorney was an impermissible delegation of executive and legislative authority and a violation of the Constitution. Notably, during the April 10, 2019 meeting, Commissioner Arrington objected to the County Attorney's authority to add items to the agenda, correctly noting that only the Commissioners and the County Manger could add agenda items. *See* Exhibit 4 at p. 58-61.  The County Attorney, however, claimed that the Commissioners had delegated the authority to her. *See* Exhibit 4 at p. 58-59. Commissioner Morris then attempted to cure the procedural error by assuming sponsorship of the resolution and the vote was passed with a 4-2 vote. *Id.* 60-62.  This, however, ran afoul of the rules set forth by the Georgia Constitution. The Home Rule powers state that "Such local acts may be amended or repealed by a resolution or ordinance duly adopted at two regular consecutive meetings of the county governing authority not less than seven nor more than 60 days apart."  *See* GA Const. art. IX, § II, para. I(b)(1). Because the Resolution was brought by the County Attorney who lacked the authority to place

12

items on the agenda it was not "duly brought." And even if Commissioner Morris cured this

error by assuming sponsorship of the Resolution, he did so only on April 10, 2019, and thus the

Resolution was not "duly adopted at two regular consecutive meetings" as required by the

Georgia Constitution. Accordingly, the ordinance was not acted in compliance with Constitution

of the State of Georgia of 1983 art. IX, sec. II, para. I(b)(1) and is void.

## 2.   Defendants have no authority to take unilateral action affecting the Sheriff's Office.

Even if Defendants has the authority to enact Fulton County Resolution #19-0221 and

took the correct procedural steps to enact the resolution, Defendants still lacked the authority to

apply the act to the FCSO. The FCSO is headed by the Fulton County Sheriff who is elected by

residents of Fulton County. Likewise, Defendants Board of Commissioners are elected by the

residents of Fulton County.  The FCSO and Defendants' powers are derived independently and

one may not exercise authority over the other. "County commissioners, under the quoted Home

Rule provisions, may establish civil service systems for persons employed by them, but may not

take actions affecting personnel of another elected official." *Taylor v. Bartow Cty*., Ga., 860 F.

Supp. 1526, 1535 (N.D. Ga. 1994) citing to *Warren v. Walton*, 231 Ga. 495, 499, 202 S.E.2d

405 (1973) (deputy sheriffs). "Without specific legislative authority the county governing

authority may not adopt regulations applicable to employees of other elected officials." *Mobley

v. Polk County*, 242 Ga. 798, 801, 251 S.E.2d 538 (1979) (citing Ga. Const. art. IX, § II, para.

I(c)). "No matter how desirable uniformity of work regulations of various employees, of various

county offices in the seat of government may be, county commissioners as the governing

authority of the fiscal affairs of [the county] do not have authority, express or implied, to

establish work regulations for employees of another elected county officer." *Id.* at 802. "An

employee of another elected official cannot rely on procedures established by the county

commission for county employees." *Taylor v. Bartow Cty., Ga.*, 860 F. Supp. 1526, 1536 (N.D. Ga. 1994). In *Wayne Cty. v. Herrin*, 210 Ga. App. 747, 747, 437 S.E.2d 793, 795 (1993), the Court of Appeals found that a merit board instituted by the board of commissions could be applied to deputy sheriffs only when approved and adopted by the Sheriff. By analogy, the sweeping change of abolishing the Personnel Board could not be instituted without agreement of the FCSO.  Such agreement was not obtained and Defendants exceed their purported authority by applying Resolution #19-0221 to Plaintiff.

3.  **Plaintiff has a contractual right to appeal his disciplinary action before the Personnel Board**

As a civil servant, Plaintiff has a property interest in his job and a contractual agreement with his employer to appeal disciplinary actions before the Personnel Board. *See* Exhibit 7 Fulton County Personnel Regulation 900 Series in effect at the time Plaintiff became a civil servant. Pursuant to PR 900-1, "any permanent Fulton County Classified employee who has been dismissed, suspended, demoted, or otherwise disciplined for cause, whereby the employee suffers any loss in salary, grade, or classification, or who has been refused an examination or certification, *shall* have the right to appeal such action to the Personnel Board." *Id.* at PP-900-1(1). By abolishing the Personnel Board and foreclosing Plaintiff's option to bring his appeal before the Personnel Board, the County has breached its contractual obligations to Plaintiff. Under Georgia law, a merit system act creates a constitutionally protected contract between merit system members and the state. *Clark v. State Personnel Board*, 252 Ga. 548, 550(2)(a), 314 S.E.2d 658 (1984). The Georgia Court of Appeals has ruled that the Fulton County Civil Act and the Fulton County Personnel Regulations promulgated from it have the full force and effect of law. *Fulton Cnty. v. Andrews*, 332 Ga. App. 473, 476, 773 S.E.2d 432 (Ga. App. 2015). In

14

*Andrews*, the Court of Appeals found that that the Civil Service Act and the Fulton County Personnel rules formed the basis of the employee's contract for employment. *Id.* at 478. Notably, the Court rejected the notion that the Board of Commissioners was entitled to alter the contract under their home rule powers. *Id.* at 479.  The Court based its reasoning on its previous decision in *DeKalb County School District v. Gold*, 318 Ga. App. 633, 642(2), 734 S.E.2d 466 (2012) where it ruled that a "statute becomes part of the employment contract and is compensation for services rendered, and an amendment to the statute to reduce or eliminate employee benefits would violate our state Constitution's impairment clause)...". *Id.* 477. Accordingly, Plaintiff has a contractual right to a hearing before the Personnel Board and one should be afforded to him.

**CONCLUSION**

For the reason set forth above the Court should grant the relief sought in the Complaint.

Respectfully submitted this 11th day of August, 2020.

/s/ *Meghan S. Jones*

_____

Meghan S. Jones
Georgia Bar # 807209
Attorney for Plaintiff

The Jones Law Firm, LLP
1269 Monroe Drive N.E.
Atlanta, Georgia 30306
(770) 716-1306, (404) 549-3036

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have sent a copy of this **<u>BRIEF IN SUPPORT OF VERIFIED</u>**

**<u>COMPLAINT FOR DECLARATORY JUDGMENT, PRELIMINARY AND</u>**

**<u>PERMANENT INJUNCTIVE RELIEF, AND APPLICATION FOR WRIT OF</u>**

**<u>MANDAMUS AND PROHIBITION</u>**, by (   ) personal service (    ) first class mail (  \* )

electronic filing, and/or electronic mail (  \* ):

Fulton County Board of Commissioners, Board of Commissioners Chairman
Robb Pitts,
C/o Patrise Perkins-Hooker, Esq.
Office of the County Attorney
141 Pryor Street SW,
Suite 4038
Atlanta, Georgia 30303

Chief Human Resources Officer
Kenneth L. Hermon
141 Pryor Street, SW,
Suite 3030, Atlanta GA 30303

Sheriff Theodore "Ted" Jackson
C/o Patrise Perkins-Hooker, Esq.
Office of the County Attorney
141 Pryor Street SW,
Suite 4038
Atlanta, Georgia 30303

Administrative Hearing Officer,
Ms. Sterling Eaves
C/o Human Resource Director Kenneth L. Hermon, Jr.
141 Pryor Street SW,
Suite 3030
Atlanta, Georgia 30303

This 11th day of August 2020.

16

/s/ *Meghan S. Jones*

_____

Meghan S. Jones
Georgia Bar # 807209
Attorney for Plaintiff

meghan@joneslawfirmllp.com
The Jones Law Firm, LLP
1269 Monroe Drive N.E.
Atlanta, Georgia 30306
(770) 716-1306, (404) 549-3036

Fulton County Superior Court
***EFILED***TB
Date: 8/19/2020 9:39 AM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

Gene Law, III                                 :
                                              :        CASE NO. 2020-CV-339288
                                              :
     Plaintiff,              :
v.                                            :
                                              :
                                              :        HONORABLE EMILY RICHARDSON
Fulton County Board of Commissioners;         :
Fulton County Board of Commissioners          :
Chairman Robb Pitts; Fulton County Chief      :
Human Resources Officer, Kenneth L.           :
Hermon, Jr.,                                  :
                                              :
     Defendants.             :

## **<u>WAIVER OF SERVICE OF SUMMONS</u>**

To: Meghan S. Jones, Attorney for Deputy Gene Law, III

     I acknowledge receipt of your request that I waive service of a summons in the above-styled action.

     I have also received a copy of the complaint in the action, a copy of this instrument, and a means by which I can return the signed waiver to you without cost to me.

     I understand that I am entitled to consult with my own attorney regarding the consequences of my signing this waiver.

     I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer is not served upon you within 60 days after the date (August 12, 2020) this waiver was sent, or within 90 days after that date if the request for the waiver was sent outside the United States.

This 18th day of August, 2020.

_____
Dominique Martinez
Georgia Bar No. 430323
Attorney for Defendants

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

Gene Law, III                                       :
                                                    :      CASE NO. 2020-CV-339288
                                                    :
            Plaintiff,                              :
v.                                                  :
                                                    :
                                                    :      HONORABLE EMILY RICHARDSON
Fulton County Board of Commissioners;               :
Fulton County Board of Commissioners                :
Chairman Robb Pitts; Fulton County Chief            :
Human Resources Officer, Kenneth L.                 :
Hermon, Jr.,                                        :
                                                    :
            Defendants.                             :

## WAIVER OF SERVICE OF SUMMONS

To: Meghan S. Jones, Attorney for Deputy Gene Law, III

I acknowledge receipt of your request that I waive service of a summons in the above-styled action.

I have also received a copy of the complaint in the action, a copy of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I understand that I am entitled to consult with my own attorney regarding the consequences of my signing this waiver.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer is not served upon you within 60 days after the date (August 12, 2020) this waiver was sent, or within 90 days after that date if the request for the waiver was sent outside the United States.

This 18th day of August, 2020.

_____

Dominique Martinez
Georgia Bar No. 430323
Attorney for Defendants

| | |
|---|---|
| **From:** | Martinez, Dominique |
| **To:** | meghan@joneslawfirmllp.com |
| **Cc:** | Piper, Grethelyn; Burwell, Kaye |
| **Subject:** | Gene Law v. Board of Commissioners et al FW: Request to Waive Formal Service: 2020-CV-339288 |
| **Date:** | Tuesday, August 18, 2020 11:46:25 PM |
| **Attachments:** | image001.png |
| | Waiver of service of summons - Executed.pdf |

Meghan,

Please see the attached executed waiver.



Dominique A. Martinez
Senior Assistant County Attorney
Office of the County Attorney
404-612-0241 (direct)
404-612-0246 (main)
404-730-6324 (fax)
Connect with Fulton County:

Website | Facebook | Twitter | Instagram | FGTV | #OneFulton E-News

Begin forwarded message:

> **From:** "Meghan S. Jones" <meghan@joneslawfirmllp.com>
> **Date:** August 12, 2020 at 6:42:35 PM EDT
> **To:** "Perkins-Hooker, Patrise" <Patrise.Perkins-Hooker@fultoncountyga.gov>,
> "Hermon, Kenneth" <Kenneth.Hermon@fultoncountyga.gov>
> **Cc:** "Derek H. Jones" <derek@joneslawfirmllp.com>
> **Subject: Request to Waive Formal Service: 2020-CV-339288**
>
> Ms. Perkins-Hooker and Mr. Hermon,
>
> Our firm has filed a complaint for injunctive relief in the Superior Court of Fulton
> County naming the Fulton County Board of Commissioners, Fulton County Board
> of Commissioners Chairman Robb Pitts, and Chief Human Resources Officer
> Kenneth Hermon as defendants.
>
> Attached is the Complaint, Summons, Brief in Support, Civil Filing Form, and a
> Waiver of Service of Summons.
>
> Can you please advise whether you will waive formal service and accept service
> via email.
>
> Thank you.
>
> --
> Meghan S. Jones

The Jones Law Firm, LLP
1269 Monroe Drive NE
Atlanta, Georgia 30306
(770) 716-1306, (404) 549-3036
Fax: (404) 963-7005
www.joneslawfirmllp.com

Notice of Confidentiality: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication, and any attachments thereto, contain confidential attorney-client privileged communications and attorney work product. If you are not the intended recipient, any disclosure, viewing, copying, distribution or use of any of the information contained in or attached to this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer.

**From:** Burwell, Kaye
**To:** Martinez, Dominique
**Subject:** FW: Request to Waive Formal Service: 2020-CV-339288
**Date:** Thursday, August 13, 2020 8:22:33 AM
**Attachments:** Case Filing Info Form (2).pdf
ATT00001.htm
CompBriefEditsFINAL (2).pdf
ATT00002.htm
Summons Efile Civil Form (2).pdf
ATT00003.htm
Verified complaint to file FINAL (2).pdf
ATT00004.htm
Waiver of service of summons.docx
ATT00005.htm
image001.png

Kaye Woodard Burwell
Deputy County Attorney
Office of the Fulton County Attorney
404-612-0251 (office)
404-314-8627 (cell)
Connect with Fulton County:
Website | Facebook | Twitter | Instagram | FGTV | #OneFulton E-News

Notice of Confidentiality:
This communication constitutes an electronic communication within the meaning of the Electronic Communications
Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this
message. This communication, and any attachments thereto, contain confidential attorney-client privileged
information and attorney work product. If you are not the intended recipient, any disclosure, viewing, copying,
distribution or use of any of the information contained in or attached to this communication is strictly prohibited. If
you have received this communication in error, please notify us immediately by replying to the message and deleting it
from your computer. Thank you.

**From:** Perkins-Hooker, Patrise
**Sent:** Wednesday, August 12, 2020 7:06 PM
**To:** Burwell, Kaye <Kaye.Burwell@fultoncountyga.gov>
**Subject:** Fwd: Request to Waive Formal Service: 2020-CV-339288

Sent from my iPhone

Begin forwarded message:

>    **From:** "Meghan S. Jones" <meghan@joneslawfirmllp.com>
>    **Date:** August 12, 2020 at 6:42:35 PM EDT
>    **To:** "Perkins-Hooker, Patrise" <Patrise.Perkins-Hooker@fultoncountyga.gov>,
>    "Hermon, Kenneth" <Kenneth.Hermon@fultoncountyga.gov>
>    **Cc:** "Derek H. Jones" <derek@joneslawfirmllp.com>
>    **Subject: Request to Waive Formal Service: 2020-CV-339288**

Ms. Perkins-Hooker and Mr. Hermon,

Our firm has filed a complaint for injunctive relief in the Superior Court of Fulton County naming the Fulton County Board of Commissioners, Fulton County Board of Commissioners Chairman Robb Pitts, and Chief Human Resources Officer Kenneth Hermon as defendants.

Attached is the Complaint, Summons, Brief in Support, Civil Filing Form, and a Waiver of Service of Summons.

Can you please advise whether you will waive formal service and accept service via email.

Thank you.

--
Meghan S. Jones
The Jones Law Firm, LLP
1269 Monroe Drive NE
Atlanta, Georgia 30306
(770) 716-1306, (404) 549-3036
Fax: (404) 963-7005
www.joneslawfirmllp.com

Notice of Confidentiality: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication, and any attachments thereto, contain confidential attorney-client privileged communications and attorney work product. If you are not the intended recipient, any disclosure, viewing, copying, distribution or use of any of the information contained in or attached to this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer.

Fulton County Superior Court
***EFILED***LW
Date: 8/11/2020 5:13 PM
Cathelene Robinson, Clerk

**General Civil and Domestic Relations Case Filing Information Form**

☒ **Superior or** ☐ **State Court of** _____Fulton_____ **County**

| For Clerk Use Only | |
|---|---|
| Date Filed  **8/11/2020**  MM-DD-YYYY | Case Number  **2020CV339288** |

**Plaintiff(s)**

| Law | Gene | III | | |
|---|---|---|---|---|
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |

**Defendant(s)**

| Fulton County Board of Commissioners | | | | |
|---|---|---|---|---|
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| Fulton County Board of Commissioners, Chairman Robb Pitts | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| Fulton County Chief Human Resources Officer, Kenneth L. Hermon, Jr. | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |

**Plaintiff's Attorney**  Meghan S. Jones      **State Bar Number**  807209      **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☒ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**                    **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____   **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Fulton County Superior Court
***EFILED***LW
Date: 8/11/2020 5:13 PM
Cathelene Robinson, Clerk

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| Gene Law, III | : | |
| | : | CASE NO.  **2020CV339288** |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| | : | JUDGE: |
| Fulton County Board of Commissioners; | : | |
| Fulton County Board of Commissioners | : | |
| Chairman Robb Pitts; Fulton County Chief | : | |
| Human Resources Officer, Kenneth L. | : | |
| Hermon, Jr., | : | |
| | : | |
| Defendants. | : | |

**VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, AND APPLICATION FOR WRIT OF MANDAMUS AND PROHIBITION**

INTRODUCTION

This action is brought to restrain the Fulton County Board of Commissioners from exceeding its authority and to declare the abolishment of the Fulton County Personnel Board "Personnel Board" pursuant to Fulton County Resolution #19-0221 to be an unconstitutional delegation of power and to be a nullity and for the Fulton County Personnel Board to be reinstated pursuant to Georgia Law Number 1341 the Fulton County Personnel Board and Merit System of Personnel Administration, General Assembly Act of 1982. Unless restrained the actions of the Fulton County Board of Commissioners will chill and impact Plaintiff's due process rights. By this complaint Plaintiff seeks an order invalidating Fulton County Resolution #19-0221 and any and all procedures adopted pursuant to the same. This Complaint seeks a temporary and permanent order restraining the Office of the Administrative Hearing Officer

1

from conducting any hearings pursuant to Fulton County Resolution #19-0221. Fulton County

Resolution #19-0221 as created is unconstitutional, contrary to the Constitution of the State of

Georgia, the Constitution of the United States, in particular the rights to due process under the

Fourteenth Amendment of the United States Constitution and art. I, § I, para. I of the Georgia

Constitution.

<u>JURISDICTION AND VENUE</u>

1.

This is a civil action whereby Plaintiff seeks a writ of prohibition and/or mandamus

together with declaratory judgment and preliminary and permanent injunctive relief restraining

Defendants, The Fulton County Board of Commissioners, the Chief Human Resources Officer

who oversees the Administrative Hearing Officer, its agents, servants and employees and those

in active concert and with actual notice thereof (hereinafter collectively "Defendants), from

acting in such a manner as to violate Plaintiff's right to Due Process of Law and Equal Protection

of the Law guaranteed under the Fourteenth Amendments to the United States Constitution and

the Georgia Constitution. Plaintiff also seeks a declaratory judgment that Defendants' policies

and procedures implemented under Fulton County Resolution #19-0221, are unconstitutional and

direct violations of Plaintiff's rights protected by the United States and the Georgia Constitution.

2.

This action also arises under the First and Fourteenth Amendments to the United States

Constitution, and under federal law, particularly 42 U.S.C. § 1983.

3.

This action also arises under the Official Georgia Code Annotated § 9-6-40 et. seq. and §

9-6-20 et. seq.

2

4.

This Court is authorized to grant Plaintiff's prayer regarding costs, including reasonable attorney's fees, pursuant to 42 U.S.C. §1988.

5.

This Court is authorized to grant declaratory judgment under the Declaratory Judgment Act, O.C.G.A § 9-4-2 and to issue the preliminary and permanent injunctive relief requested under Rule 65 of the Georgia Rules of Civil Procedure.

6.

Each and all of the acts alleged hereafter were done by Defendants within this judicial district, specifically Fulton County, and under the color and pretense of Georgia statutes, ordinances, regulations, customs and uses of law.

7.

The Office of the Fulton County Board of Commissioners is located within Fulton County and the Board and its members can be served with process in Fulton County at 141 Pryor Street, SW, Tenth Floor, Atlanta, Georgia 30303.

8.

The Office of the Chief Human Resources Officer Kenneth L. Hermon, Jr. is located within Fulton County and he can be served with process at 141 Pryor Street, SW, Suite 3030, Atlanta GA 30303.

PARTIES

9.

Plaintiff hereby incorporates and adopts each and every allegation in preceding paragraphs numbered 1-8.

3

10.

Defendant Robb Pitts is the Chairman of the Fulton County Board of Commissioners (hereinafter "Defendants or Board of Commissioners") and the Fulton County Board of Commissioners is a public entity that was established, organized and authorized pursuant to Section 1-70 of the Code of Resolution of Fulton County, Georgia. See also (1880-81 Ga. Laws (Act No. 3), page 508, § 1; 1952 Ga. Laws (Act No. 814), page 2672; 1973 Ga. Laws (Act No. 130), page 2462, § 1). Defendant Kenneth L. Hermon, Jr. is the Chief Human Resource Officer of Fulton County. Part of his duties include administering the Administrative Hearing Officer system.

FACTUAL BACKGROUND

11.

Plaintiff was hired by the Fulton County Sheriff's Office ("FCSO") on or about October 4, 2017.

12.

After finishing his probationary period, Plaintiff became a classified employee of Fulton County and the FCSO.

13.

Plaintiff has a property interest in his employment which is protected by his rights to due process under the Fourteenth Amendment of the United States Constitution and art. I, § I, para. I of the Georgia Constitution, and Georgia Law Number 1341 the Fulton County Personnel Board and Merit System of Personnel Administration, General Assembly Act of 1982.

14.

Pursuant to Georgia Law Number 1341 and policies promulgated from it, Plaintiff may only be disciplined for cause and may challenge an adverse disciplinary action taken against him by Fulton County or the FCSO.

15.

From 1982 until 2019, the mechanism for a classified Fulton County employee to challenge an adverse disciplinary action was via an appeal to the Fulton County Personnel Board.

16.

The Fulton County Personnel Board, a group of individuals appointed by the Defendants Board of Commissioners, would oversee the appeal and issue a decision either upholding or reversing the Appointing Authority's action. Said decision was binding and was appealable only to the Fulton County Superior Court by writ of certiorari.

17.

In April 2019, pursuant to purported "Home Rule" powers, the Board of Commissioners, via Fulton County Resolution #19-0221, abolished the Personnel Board and replaced it with an Administrative Hearing Officer System.

18.

On March 6, 2020, the FCSO terminated Plaintiff. The grounds for such termination were a violation of Fulton County Personnel Policy and Procedure 305-16 Art.7. Fraud , Falsehood, Perjury and Malfeasance, (herein "Article 7").

19.

FCSO also issued a written warning to Plaintiff for an alleged violation of Fulton County

Personnel Policy and Procedure 305-16 Art.22 Miscellaneous: Fulton County Sheriff's Officer

Standard Operating Procedure 6.15 Body Word Camera (BWC) VIII. BWC Activation and

Deactivation.

20.

Plaintiff timely filed an appeal on March 14, 2020.

21.

On June 25, 2020, pursuant to the Appeal Hearing Ground rules, the parties attended a

pre-hearing conciliation meeting. At that hearing, Plaintiff objected to the authority of the

Administrative Hearing Officer "AHO".

22.

On August 10, 2020, Plaintiff filed a motion objecting to the AHO's authority and calling

for a reinstatement of the Personnel Board to hear the case.

23.

The Appeal Hearing before an Administrative Hearing Officer has been scheduled for

August 13, 2020. Pursuant to a Standing Order the hearing will proceed via remote conferencing.

24.

In abolishing the Personnel Board, the Board of Commissioners exceeded their legal

authority.  Such action constituted an impermissible overreaching act in violation of Georgia

Constitution art. IX, § II, para. I(a ) and art. I, § I, para. I, and the Fourteenth Amendment to the

United States Constitution.

25.

Plaintiff has a right to an appeal hearing before the Personnel Board, pursuant to rights afforded to him by the General Assembly and pursuant to his contractual agreement with the Fulton County Sheriff's Office and Fulton County Government.

DECLARATORY RELIEF

26.

Plaintiff hereby incorporates and adopts each and every allegation in preceding paragraphs numbered 1- 25.

27.

Plaintiff submits and contends, as set forth above, that Fulton County Resolution #19-0221 specifically, the abolishment of the Personnel Board and the implementation of the Administrative Hearing Officer system is unlawful. A judicial declaration is therefore necessary and appropriate regarding the validity of Fulton County Resolution #19-0221.

INJUNCTIVE RELIEF

28.

Plaintiffs' hereby incorporates and adopts each and every allegation in preceding paragraphs numbered 1- 27.

29.

Fulton County Resolution #19-0221 and the policies and procedures promulgated pursuant to Fulton County Resolution #19-0221 conflict with the Georgia Constitution art. IX, § II, para. I(a ) and art. I, § I, para. I, and the Fourteenth Amendment to the United States Constitution.

30.

Plaintiff has no adequate remedy at law, in the absence of this Court's injunction, to prevent Defendants from acting unconstitutionally and exceeding their authority, and preventing the Office of the Administrative Hearing Officer from exceeding its jurisdiction. If the Court does not act, and the hearing before the Administrative Hearing Officer proceeds, Plaintiff will be immediately and irreparably harmed.

WRIT OF MANDAMUS AND PROHIBTION PURSUANT TO O.C.G.A. § 9-6-20; O.C.G.A. § 9-6-40

31.

Plaintiff hereby incorporates and adopts each and every allegation in preceding paragraphs numbered 1- 30.

32.

A writ of mandamus is a remedy to be used on occasions where the law has established no specific remedy and justice requires it.

33.

The purpose of the writ is to enforce an established right or to enforce the performance of a duty.

34.

Pursuant to O.C.G. A § 9-6-20 a writ of mandamus may issue to compel a due performance if there is no other specific legal remedy for the legal rights.

35.

Plaintiff has a right to have his appeal heard by the Fulton County Personnel Board pursuant to Georgia Law Number 1341. Plaintiff seeks to require the performance of this legal duty.

36.

The Administrative Hearing Officer has no authority to hear Plaintiff's appeal.

37.

The Court should order Defendants to immediately cease all enforcement of Fulton County Resolution #19-0221 and direct that the Office of the Administrative Hearing Officer cease to hold any administrative appeals pending further order of the Court.

38.

The Court should order Defendants to cease and desist from enforcing any of its policies and procedures which are in conflict with the United States Constitution and the Georgia Constitution alleged herein.

39.

The Court should order Defendants to reinstate the Fulton County Personal Board.

**WHEREFORE,** Plaintiff respectfully prays for judgment as follows:

1. That this Court issue preliminary and permanent injunctions restraining Defendants and all persons acting pursuant to their direction and control from taking any further steps to administer and/or enforce Fulton County Resolution #19-0221, including without limit investigating alleged violations and complaints; and to declare those procedures illegal.

9

2. That this Court issue a judgment declaring that Fulton County Resolution #19-0221 is unenforceable.

3. That this Court enter an order declaring that the acts of Administrative Hearing Officer to be unconstitutional.

4. That this Court issue a writ of prohibition and a writ of mandamus ordering the Defendants to immediately to cease and desist from enforcing any and all of the Office of the Administrative Hearing Officers Rules of Procedures, including any hearings.

5. That this Court grant a temporary restraining order "TRO" or preliminary injunction restraining the Defendants from going forward with a hearing before an Administrative Hearing Officer pursuant to Fulton County Resolution #19-0221.

6. That this Court issue a writ of prohibition and a writ of mandamus ordering the Defendants to reinstate the Fulton County Personnel Board to hear Plaintiff's pending appeal.

7. That this Court give Plaintiff an opportunity to be heard via oral argument in regard to issuing a preliminary injunction; and at a later time to be heard on the relief sought in its totality.

8. On each and every cause of action, that this Court grant such other, or further relief, as the Court may deem just and proper.


This 11th day of August, 2020.

/s/ *Meghan S. Jones*
_____
Meghan S. Jones
Georgia Bar # 807209
Attorney for Plaintiff


The Jones Law Firm, LLP
1269 Monroe Drive N.E.
Atlanta, Georgia 30306

10

(770) 716-1306, (404) 549-3036

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

Gene Law, III                                          :
                                                       :
          Plaintiff,                                   :
v.                                                     :
                                                       :
                                                       :
Fulton County Board of Commissioners;                  :
Fulton County Board of Commissioners                   :
Chairman Robb Pitts; Fulton County Chief               :
Human Resources Officer, Kenneth L.                    :
Hermon, Jr.,                                           :
                                                       :
          Defendants.                                  :

### <u>GENE LAW, III'S VERIFICATION</u>

I, the undersigned Gene Law, III do verify that the Verified Complaint For Declaratory

Judgment, Preliminary And Permanent Injunctive Relief, And Application For Writ Of

Mandamus And Prohibition and the Brief In Support Of Verified Complaint For Declaratory

Judgment, Preliminary And Permanent Injunctive Relief, And Application For Writ Of

Mandamus And Prohibition is true and correct to the best of my belief and knowledge.


_____
Gene Law III (Aug 11, 2020 14:24 EDT)
Gene Law, III


          Sworn and subscribed to me

this __11__ day of August 2020.

Fulton County Superior Court
***EFILED***LW
Date: 8/11/2020 5:13 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| Gene Law, III, | : | |
| | : | CASE NO. **2020CV339288** |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| | : | JUDGE: |
| Fulton County Board of Commissioners; | : | |
| Fulton County Board of Commissioners | : | |
| Chairman Robb Pitts; Fulton County Chief | : | |
| Human Resources Officer, Kenneth L. | : | |
| Hermon, Jr., | : | |
| | : | |
| Defendants. | : | |

## BRIEF IN SUPPORT OF VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, AND APPLICATION FOR WRIT OF MANDAMUS AND PROHIBITION

Comes now Gene Law, III Plaintiff in the above styled case and files his brief in support

of his Verified Complaint for Declaratory Judgment, Preliminary and Permanent Injunctive

Relief, and Application for Writ of Mandamus and Prohibition and shows this Honorable Court

as follows:

### INTRODUCTION

This action is brought to restrain the Fulton County Board of Commissioners from

exceeding its authority and to declare the abolishment of the Fulton County Personnel Board

pursuant to Fulton County Resolution #19-0221 to be an unconstitutional delegation of power

and to be a nullity, and for the Fulton County Personnel Board to be reinstated pursuant to

Georgia Law Number 1341 the Fulton County Personnel Board and Merit System of Personnel

Administration, General Assembly Act of 1982. Unless restrained the actions of the Fulton

County Board of Commissioners will chill and impact Plaintiff's due process rights. By this

1

complaint, Plaintiff seeks an order invalidating Fulton County Resolution #19-0221 and any and all procedures adopted pursuant to the same. This Writ seeks a temporary and a permanent order restraining the Office of the Administrative Hearing Officer, which is administered by the Chief Human Resources Officer Kenneth L. Hermon, Jr., from conducting any hearings pursuant to Fulton County Resolution #19-0221. Fulton County Resolution #19-0221 as created is unconstitutional, contrary to the Constitution of the State of Georgia, the Constitution of the United States, in particular the rights to due process under the Fourteenth Amendment of the United States Constitution and art. I, § I, para. I of the Georgia Constitution, and art. IX, § II, para. I(a) of the Georgia Constitution.

<u>FACTUAL BACKGROUND</u>

Plaintiff is a classified employee of Fulton County and Fulton County Sheriff's Office ("FCSO" or "Appointing Authority").  He has a property interest in her employment which is protected under the due process clause of the Fourteenth Amendment of the United States Constitution and art. I, § I, para. I of the Georgia Constitution.  Plaintiff's property interest in  his employment is expressly outlined in Georgia Law Number 1341 the Fulton County Personnel Board and Merit System of Personnel Administration, General Assembly Act of 1982. This act is commonly known as the "Fulton County Civil Service Act," (herein referred to as "the Act"). Pursuant to the Act and policies promulgated from it, Plaintiff may only be disciplined for cause and may challenge an adverse disciplinary action taken against him by the Appointing Authority. Since 1982, the mechanism for an employee to challenge such action was an appeal to the Fulton County Personnel Board (herein "the Personnel Board"). The Personnel Board, a group of individuals appointed by the Defendants Board of Commissioners, would oversee the appeal and

issue a decision either upholding or reversing the Appointing Authority's action. Said decision was binding and was appealable only to the Fulton County Superior Court by writ of certiorari.

Plaintiff was hired by the FCSO on or about October 4, 2017, and, after finishing his probationary period, he became a classified employee and thus was entitled to the protections afford by the Act.  These protections, among other rights, were guaranteed to Plaintiff as a right that accompanied his tenure with Fulton County and FCSO and attached to the property rights he holds. A right to an appeal before the Personnel Board was afforded to Plaintiff by virtue of his contractual relationship with the FCSO and with Fulton County; and also a right afforded by the Georgia General Assembly to Fulton County civil servants pursuant to the Act.

In April 2019, pursuant to purported "Home Rule" powers, the Board of Commissioners abolished the Personnel Board and replaced with it with an Administrative Hearing Officer System.

On March 6, 2020, the FCSO terminated Plaintiff. The grounds for such termination were a violation of Fulton County Personnel Policy and Procedure 305-16 Art.7. Fraud, Falsehood, Perjury, and Malfeasance, (herein "Article 7"). FCSO also issued a written warning to Plaintiff for an alleged violation of Fulton County Personnel Policy and Procedure 305-16 Art.22 Miscellaneous: Fulton County Sheriff's Officer Standard Operating Procedure 6.15 Body Word Camera (BWC) VIII. BWC Activation and Deactivation. Plaintiff timely filed an appeal on March 14, 2020.

The Appeal Hearing before an Administrative Hearing Officer has been scheduled for August 13, 2020. The Chief Human Resources Officer has advised that the hearing will proceed via remote conferencing.

In abolishing the Personnel Board, the Board of Commissioners exceeded their legal authority.  Such action constituted an impermissible overreaching act in violation of the Georgia Constitution art. IX, § II, para. I(a) and art. I, § I, para. I, and the Fourteenth Amendment to the United States Constitution.

Plaintiff has a right to an appeal hearing before the Personnel Board, pursuant to rights afforded to her by the General Assembly and pursuant to his contractual agreement with the Fulton County Sheriff's Office and Fulton County Government.  He moves that the Personnel Board be reinstated to hear his appeal.


## ARGUMENT AND CITATION OF AUTHORITY

1. **Because the Fulton County Personnel Board was not legitimately dissolved, the Administrative Hearing Officer lacks the authority to hear the case. Accordingly, this Court should order that the Personnel Board be reinstated to hear the appeal.**

The events giving raise to Plaintiff's appeal occurred on August 24, 2018. In April 2019, pursuant to purported "Home Rule" powers, the Board of Commissioners abolished the Personnel Board and replaced with it with an Administrative Hearing Officer system. In doing so, the Board of Commissioners exceeded their legal authority.  Such action constituted an impermissible overreaching act in violation of the Georgia Constitution.

A. **History of the Fulton County Personnel Board.**

In 1982 the Georgia General Assembly passed Act No. 1341 (HB 1501), short title "Fulton County Personnel Board and Merit System of Personnel Administration", to create the Fulton County Merit System of the Personnel Administration (Civil Service). Ga. L. 1982, p. 4896-4909. Commonly referred to as the Fulton County Civil Service Act, the Act governs the composition and authority of the Fulton County Personnel Board.  "[T]he Fulton County

4

Personnel Board was created to completely and exhaustively revise, amend, reestablish, and continue for Fulton County a high quality merit system of personnel administration based upon accepted merit principles and recognized methods governing the appointment, promotion, transfer, layoff, removal, discipline, and well-being of employees who are governed by this Act, and for personnel actions associated with Fulton County employment." *See* Exhibit 1 certified copy of Fulton County Resolution #15-1198, citing to 1982 the Ga. L. 1982, p. 4896.

In 2019, pursuant to Resolution #19-0221, Defendants Board of Commissioners abolished the Personnel Board and replaced that body with an Administrative Hearing Officer system. *See* Exhibit 2 certified copy of Fulton County Resolution #19-0221. Specifically, the resolution repealed and replaced in its entirety Sections 2 and 3 of the Civil Service Act, the portions of the Act that sets forth the Personnel Board's powers and defines its composition. The Resolution was brought by the County Attorney and passed with a 4-2 vote by the Board of Commissioners. *See* Exhibit 2; Exhibit 3 certified copy of March 20, 2019, Board of Commissioner meeting minutes at pages 43; and Exhibit 4 certified copy of April 10, 2019, Board of Commissioner meeting minutes at pages 58, 60, and 62. Key changes were made that have lasting implications on the structure of employee appeals. In the past, the Personnel Board was made up of a group of individuals who would conduct hearings and investigations, render decisions, and order execution of those decisions. They were advised by an independent attorney who was paid a yearly stipend. In addition to other duties, that attorney attended hearings, ruled on evidentiary objections and motions, and drafted orders for the Board's review and signature to rule on the cases that they heard. The abolishment of the Personnel Board also ended the service of the advisory attorney, and under the current regime, a lone Administrative Hearing Officer, who is an attorney, makes all rulings of fact and law. Further, the current rules permit the County

5

Attorney, the same agency that brought the resolution before Defendants, to assist in writing or rewriting the rules applicable to the administrative appeals.

## B. **Defendants' abolishment of the Personnel Board violated the Georgia Constitution.**

The abolishment of the Personnel Board and the institution of the new administrative appeal system were implemented by Defendants via resolution under the Home Rule provision of the Georgia Constitution. However, such vast changes exceeded the authority granted by the Home Rule provision. Further they constitute a change to Fulton County government and a judicial body which can only be taken by the General Assembly through local act or general law. Accordingly, Defendants' actions are unconstitutional and the Personnel Board must be reinstated with all powers afforded to it by the General Assembly.

A determination of whether Defendants exceeded their power in abolishing the Personnel Board must first begin with an examination of where the authority of the Personnel Board arose. "In order to place employees under a county civil service system, specific legislation must be passed pursuant to a constitutional amendment, or the procedure set out in O.C.G.A. § 36-1-211." *Hill v. Watkins*, 280 Ga. 278, 279(1), 627 S.E.2d 3 (2006).  The Fulton County Civil Service system was instituted under the former[1] --- In 1982, the Georgia General Assembly passed Act No. 1341 (HB 1501) to create the Fulton County Civil Service Act "the Act". Ga. L. 1982, 4896-4909. The Act was entitled "An Act to completely and exhaustively revise, supersede, consolidate, and replace all of the laws and amendments thereto pertaining to the *Fulton County Personnel Board* and the Fulton County Merit System of Personnel

---

[1] O.C.G.A. § 36-1-21 is inapplicable where a civil service system is created by the General Assembly as was the County's. *See Ferdinand v. Board of Commissioners of Fulton County*, 281 Ga. 643, 645 n.4, 641 S.E.2d 787 (2007).

Administration". *Id.* at 4896 (emphasis added). The short title was "*Fulton County Personnel Board* and Merit System of Personnel Administration." *Id.* (emphasis added). The Act outlined the powers, duties, composition and authority of the Fulton County Personnel Board, and set forth that the Personal Board would conduct hearings and investigations, render decisions, and order execution of those decisions involving cases brought under the Civil Service Act.

A county governing authority only has the powers given to it by the legislature. *McCray v. Cobb County,* 251 Ga. 24, 302 S.E.2d 563 (1983). County commissioners' powers are strictly limited by law, and those bodies cannot take any action except under the authority of law. *Mobley v. Polk County*, 242 Ga. 798, 251 S.E.2d 538 (1979).  Neither the counties of this state nor their officers can do any act, make any contract, nor incur any liability not authorized by some legislative act applicable thereto. *Bowers v. Hanks*, 152 Ga. 659, 111 S.E. 38 (1921); *McCrory Co. v. Bd. of Comrs. of Fulton County*, 177 Ga. 242, 170 S.E. 18 (1933); *DeKalb County v. Atlanta Gas Light Co.*, 228 Ga. 512, 186 S.E.2d 732 (1972). If there is reasonable doubt of the existence of a particular power of the board of commissioners, the doubt is to be resolved in the negative. *Beazley v. DeKalb County*, 210 Ga. 41, 77 S.E.2d 740 (1953*); City of Doraville v. Southern R. Co.,* 227 Ga. 504, 181 S.E.2d 346 (1971). Powers of county commissioners are strictly limited by law, and they can do nothing except under authority of law. *Warren v. Walton,* 231 Ga. 495, 202 S.E.2d 405 (1973).

Defendants abolished the Personnel Board under their purported Home Rule powers. The Georgia Constitution sets forth the "Home Rule" power of counties and provides that "the governing authority of each county shall have legislative power to adopt clearly reasonable ordinances, resolutions, or regulations relating to its property, affairs, and local government for

which no provision has been made by general law and which is not inconsistent with this Constitution or any local law." GA Const, art. IX, § II, para. I(a).

A county's power is not without limits. Paragraph 1(c) of the county home rule provision provides that the general powers granted to counties shall not extend to any action affecting any elective county office, the composition and form of the county governing authority, or any court or the personnel thereof except by general law or local act.  *See* GA Const. art. IX, § II, para. I(c). [2]

At issue then is whether Defendants acted without authority to abolish the Personnel Board by doing so within its home rule powers. This is a matter of first impression.[3] Never before has a county acted to make such sweeping changes to a civil service board through resolution using its home rule powers. Georgia Courts, however, have examined similar situations which indicate that Defendants exceeded their authority by abolishing the Personnel Board.

---

2 Subsection (c) provides:
    (c) The power granted to counties in subparagraphs (a) and (b) above shall not be construed to extend to the following matters ...:
    (1) Action affecting any elective county office, the salaries thereof, or the personnel thereof, except the personnel subject to the jurisdiction of the county governing authority.
    (2) Action affecting the composition, form, procedure for election or appointment, compensation, and expenses and allowances in the nature of compensation of the county governing authority…..
    (7) Action affecting any court or the personnel thereof.

3 The matter has been recently considered by the Fulton County Superior Court in *Bellomy v. Jackson*, No. 2019CV330489 (Fulton County Superior, June 22, 2020) in which the Court issued a ruling adverse to the arguments set forth in this motion. An Application for a Discretionary Appeal was filed with the Georgia Court of Appeals, No A21D0002 on July 20, 2020. The Court of Appeals has not yet issued a ruling on this Application.

For example, in *Jackson v. Inman*, 232 Ga. 566, 207 S.E.2d 475 (1974), the Georgia Supreme Court held that a special Act of the General Assembly was necessary to authorize the City of Atlanta to implement a vast administrative reorganization of city government. The home rule laws did not provide the City with sufficient authority to make fundamental and substantives changes to city government. Specifically, a special act of the General Assembly was required to switch from a strong commission form of government, under which the board of aldermen legislated and supervised administrative departments of the city through committees, to a new form of government, with the mayor as the executive, and the council as the legislative body. *Jackson* at 569.  In reaching its decision, the Court noted, "The General Assembly has reserved the legislative power to enact new charters for existing cities when such charters include drastic changes in the composition and form of city government and the election and terms of office of the members of the governing authority of cities as in this new charter for Atlanta. This specific power was expressly reserved by the General Assembly in the 1965 Home Rule Act and is found in Code Ann. § 69-1018 (a) (1)." *Jackson* at 570. [4,5.]

Similarly, Georgia Courts have ruled that a board of commissioners exceeded their home rule powers by removing a chairman from a position as the chief executive officer of the county and transferring such authority to a county manager. *See generally Gray v. Dixon*, 249 Ga. 159, 289 S.E.2d 237 (Ga., 1982). The Supreme Court further provided that a board of commissioners exceeded its powers by naming itself as the appointing authority of county employees and hiring an administrative assistant to the board.  *Krieger v. Walton Count Bd. Of Com.*, 269 Ga. 678, 684, 506 S.E.2d 366 (1998). Notably, in *Krieger,* the Court's ruling was based on an observation

---

[4] Former Code Ann. § 69-1018 (a) (1) is now codified under O.C.G.A. § 36-35-6.
[5] While *Jackson v. Inman* pertains to municipalities and not counties, given that the home rule laws pertaining to municipalities' mirror the laws governing counties, insight can be gleaned from this decision.

that the civil service personal policies themselves contained language that foreclosed the proposed change. In the instant case, the language contained in the General Assembly Act of 1982 clearly sets forth its intention that the Fulton County Civil Service be effectuated by means of the Personal Board.  The Personnel Board is mentioned by name in the title of the Act and thus makes up the very essence of the Civil Service Act itself. By including the Fulton County Personnel Board in the name of the Act, the Georgia Assembly made known its legislative intent. A board of commissioners only has the powers given to it by the General Assembly. *McCray v. Cobb County*, 251 Ga. 24, 302 S.E.2d 563 (1983).  Thus, by the reasoning set forth in *Krieger*, which held that the County's own policies could constrain the actions of the Board of Commissioners, they are surely constrained by the directives of the General Assembly from which their power to act is derived. Stated another way, the General Assembly enacted the Fulton County Merit System, and through express language empowered the Personnel Board to be the adjudicatory branch of same; and while the Board of Commissioners may make amendments to the Act, because they may not exceed their authority granted to them by the General Assembly, they may not completely abolish key aspects of the Act. To find otherwise would grant Defendants the authority to undermine the General Assembly's acts and directives. Accordingly, abolishing the Personnel Board affected the composition and form of Fulton County governing authority and thus was impermissible under GA Const. art. IX, § II, para. I(c). Furthermore, abolishing the Personnel Board and replacing it with the Administrative Hearing Officer system was inconsistent with Act No. 1341 (HB 1501) and thus in violation of GA Const, art. IX, § II, para. I(a).

While Courts have ruled that a board of commissioners may enact ordinances pertaining to the civil service boards within a county (*see generally Forbes v. Lovett*, 227 Ga. 772, 183

10

S.E.2d 371 (1971)), there is no precedent that permits a board of commissioners to abolish a civil service board and replace it with a lone hearing officer. Furthermore, the abolishment of the Personnel Board is impermissible under subsection c(7) of the Home Rule powers which provides that home rule powers do not extend to any "action affecting any court or personnel thereof." As set forth in Fulton County policy, the appeal hearing over which the Personal Board oversaw is quasi-judicial and thus the Personal Board overseeing these hearings is a quasi-judicial body. *See* Exhibit 6 certified copy of former Fulton County Personnel Procedure 300-16 at 300-16-3, paragraph 3. The Personnel Board has the authority to review evidence, hear witness testimony and issue a decision. *Id.* at 300-16-5. "The decision of the Personnel Board in such cases is final and conclusive in the absence of an appellate review in the courts (by writ of certiorari)." *Id.* at 300-16-17. *See Barrett v. Sanders*, 262 Ga. App. 63, 67, 584 S.E.2d 676, 680 (2003) which identifies the personnel board as an "inferior judicial body."  Accordingly, the Personal Board functioned as a Court and its Board Members, advisory attorney and individual staff were its personnel. Abolishing the Personnel Board thus affected a court and its personnel, and was impermissible under the Constitution.

**C.  The Resolution to abolish the Personnel Board was not enacted in compliance with the Constitution of the State of Georgia of 1983 art. IX, § II, para. I and is unconstitutional and void**

Even if Defendants had the power to abolish the Personnel Board, as they did not follow the proper process under the Home Rule provision of the Constitution to implement the changes, the Resolution is unconstitutional and void. The aforementioned Home Rule powers are granted to the *governing authority* of each county. *See* GA Const. art. IX, § II, para. I(a) (emphasis added). This power lies with the governing authority and cannot be delegated to other agencies. *Gray v. Dixon*, 249 Ga. 159, 289 S.E.2d 237 (1982).  Fulton County is governed by the Board of

11

Commissioners and the County Manager. Only those two entities are authorized to place items on the Board of Commissioners Agenda. *See* Exhibit 5 certified copy of Code of Resolution of Fulton County, Georgia 101-65 and 101-66 (2019). Fulton County Ordinance Resolution #19-0221, however, was placed on the Board of Commissioner's agenda by the County Attorney. *See* Exhibit 2; Exhibit 3 certified copy of March 20, 2019 Board of Commissioner meeting minutes at pages 43; and Exhibit 4 certified copy of April 10, 2019 Board of Commissioner meeting minutes at pages 58, 60, and 62. As set forth in the March 20, 2019 and April 10, 2019 meeting minutes, the County Attorney spearheaded the abolishment of the Personnel Board, added Resolution #19-0221 to the agenda without the direction of the Board of Commissioners, drafted the proposed changes, and performed all research to support her unsubstantiated claim that the Personnel Board was inefficient and biased. *See* Exhibit 3 at p. 43-49 and Exhibit 4 at p. 53-62. Such action by the County Attorney was an impermissible delegation of executive and legislative authority and a violation of the Constitution. Notably, during the April 10, 2019 meeting, Commissioner Arrington objected to the County Attorney's authority to add items to the agenda, correctly noting that only the Commissioners and the County Manger could add agenda items. *See* Exhibit 4 at p. 58-61. The County Attorney, however, claimed that the Commissioners had delegated the authority to her. *See* Exhibit 4 at p. 58-59. Commissioner Morris then attempted to cure the procedural error by assuming sponsorship of the resolution and the vote was passed with a 4-2 vote. *Id.* 60-62. This, however, ran afoul of the rules set forth by the Georgia Constitution. The Home Rule powers state that "Such local acts may be amended or repealed by a resolution or ordinance duly adopted at two regular consecutive meetings of the county governing authority not less than seven nor more than 60 days apart." *See* GA Const. art. IX, § II, para. I(b)(1). Because the Resolution was brought by the County Attorney who lacked the authority to place

items on the agenda it was not "duly brought." And even if Commissioner Morris cured this error by assuming sponsorship of the Resolution, he did so only on April 10, 2019, and thus the Resolution was not "duly adopted at two regular consecutive meetings" as required by the Georgia Constitution. Accordingly, the ordinance was not acted in compliance with Constitution of the State of Georgia of 1983 art. IX, sec. II, para. I(b)(1) and is void.

### 2.   Defendants have no authority to take unilateral action affecting the Sheriff's Office.

Even if Defendants has the authority to enact Fulton County Resolution #19-0221 and took the correct procedural steps to enact the resolution, Defendants still lacked the authority to apply the act to the FCSO. The FCSO is headed by the Fulton County Sheriff who is elected by residents of Fulton County. Likewise, Defendants Board of Commissioners are elected by the residents of Fulton County.  The FCSO and Defendants' powers are derived independently and one may not exercise authority over the other. "County commissioners, under the quoted Home Rule provisions, may establish civil service systems for persons employed by them, but may not take actions affecting personnel of another elected official." *Taylor v. Bartow Cty*., Ga., 860 F. Supp. 1526, 1535 (N.D. Ga. 1994) citing to *Warren v. Walton*, 231 Ga. 495, 499, 202 S.E.2d 405 (1973) (deputy sheriffs). "Without specific legislative authority the county governing authority may not adopt regulations applicable to employees of other elected officials." *Mobley v. Polk County*, 242 Ga. 798, 801, 251 S.E.2d 538 (1979) (citing Ga. Const. art. IX, § II, para. I(c)). "No matter how desirable uniformity of work regulations of various employees, of various county offices in the seat of government may be, county commissioners as the governing authority of the fiscal affairs of [the county] do not have authority, express or implied, to establish work regulations for employees of another elected county officer." *Id.* at 802. "An employee of another elected official cannot rely on procedures established by the county

commission for county employees." *Taylor v. Bartow Cty., Ga.*, 860 F. Supp. 1526, 1536 (N.D. Ga. 1994). In *Wayne Cty. v. Herrin*, 210 Ga. App. 747, 747, 437 S.E.2d 793, 795 (1993), the Court of Appeals found that a merit board instituted by the board of commissions could be applied to deputy sheriffs only when approved and adopted by the Sheriff. By analogy, the sweeping change of abolishing the Personnel Board could not be instituted without agreement of the FCSO.  Such agreement was not obtained and Defendants exceed their purported authority by applying Resolution #19-0221 to Plaintiff.

### 3.  **Plaintiff has a contractual right to appeal his disciplinary action before the Personnel Board**

As a civil servant, Plaintiff has a property interest in his job and a contractual agreement with his employer to appeal disciplinary actions before the Personnel Board. *See* Exhibit 7 Fulton County Personnel Regulation 900 Series in effect at the time Plaintiff became a civil servant. Pursuant to PR 900-1, "any permanent Fulton County Classified employee who has been dismissed, suspended, demoted, or otherwise disciplined for cause, whereby the employee suffers any loss in salary, grade, or classification, or who has been refused an examination or certification, *shall* have the right to appeal such action to the Personnel Board." *Id.* at PP-900-1(1). By abolishing the Personnel Board and foreclosing Plaintiff's option to bring his appeal before the Personnel Board, the County has breached its contractual obligations to Plaintiff. Under Georgia law, a merit system act creates a constitutionally protected contract between merit system members and the state. *Clark v. State Personnel Board*, 252 Ga. 548, 550(2)(a), 314 S.E.2d 658 (1984). The Georgia Court of Appeals has ruled that the Fulton County Civil Act and the Fulton County Personnel Regulations promulgated from it have the full force and effect of law. *Fulton Cnty. v. Andrews*, 332 Ga. App. 473, 476, 773 S.E.2d 432 (Ga. App. 2015). In

14

*Andrews*, the Court of Appeals found that that the Civil Service Act and the Fulton County Personnel rules formed the basis of the employee's contract for employment. *Id.* at 478. Notably, the Court rejected the notion that the Board of Commissioners was entitled to alter the contract under their home rule powers. *Id.* at 479.  The Court based its reasoning on its previous decision in *DeKalb County School District v. Gold*, 318 Ga. App. 633, 642(2), 734 S.E.2d 466 (2012) where it ruled that a "statute becomes part of the employment contract and is compensation for services rendered, and an amendment to the statute to reduce or eliminate employee benefits would violate our state Constitution's impairment clause)...". *Id.* 477. Accordingly, Plaintiff has a contractual right to a hearing before the Personnel Board and one should be afforded to him.

## CONCLUSION

For the reason set forth above the Court should grant the relief sought in the Complaint.

Respectfully submitted this 11th day of August, 2020.

/s/ *Meghan S. Jones*

_____

Meghan S. Jones
Georgia Bar # 807209
Attorney for Plaintiff

The Jones Law Firm, LLP
1269 Monroe Drive N.E.
Atlanta, Georgia 30306
(770) 716-1306, (404) 549-3036

15

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have sent a copy of this **<u>BRIEF IN SUPPORT OF VERIFIED</u>**

**<u>COMPLAINT FOR DECLARATORY JUDGMENT, PRELIMINARY AND</u>**

**<u>PERMANENT INJUNCTIVE RELIEF, AND APPLICATION FOR WRIT OF</u>**

**<u>MANDAMUS AND PROHIBITION</u>**, by (   ) personal service (    ) first class mail (  * )

electronic filing, and/or electronic mail (  * ):

Fulton County Board of Commissioners, Board of Commissioners Chairman
Robb Pitts,
C/o Patrise Perkins-Hooker, Esq.
Office of the County Attorney
141 Pryor Street SW,
Suite 4038
Atlanta, Georgia 30303

Chief Human Resources Officer
Kenneth L. Hermon
141 Pryor Street, SW,
Suite 3030, Atlanta GA 30303

Sheriff Theodore "Ted" Jackson
C/o Patrise Perkins-Hooker, Esq.
Office of the County Attorney
141 Pryor Street SW,
Suite 4038
Atlanta, Georgia 30303

Administrative Hearing Officer,
Ms. Sterling Eaves
C/o Human Resource Director Kenneth L. Hermon, Jr.
141 Pryor Street SW,
Suite 3030
Atlanta, Georgia 30303

This 11th day of August 2020.

16

/s/ *Meghan S. Jones*

_____

Meghan S. Jones
Georgia Bar # 807209
Attorney for Plaintiff

meghan@joneslawfirmllp.com
The Jones Law Firm, LLP
1269 Monroe Drive N.E.
Atlanta, Georgia 30306
(770) 716-1306, (404) 549-3036



# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
## SUMMONS

| | |
|---|---|
| Gene Law, III, | ) Case |
| | ) No.: **2020CV339288** |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| Fulton County Board of Commissioners; Fulton County | ) |
| Board of Commissioners, Chairman Robb Pitts; Fulton | ) |
| County Chief Human Resources | ) |
| Officer, Kenneth L. Hermon, Jr. | ) |
| **Defendant** | ) |
| | ) |
| | ) |
| | ) |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb and serve upon plaintiff's attorney, whose name and address is:

Meghan S. Jones, Esq.
Derek H. Jones, Esq.
The Jones Law Firm, LLP
1269 Monroe Drive NE
Atlanta, GA 30306

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This _____11th_____ day of ____August____, 20 __20__

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By_____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

_____
Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used