## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Gene Law, III,

                   Plaintiff,

                            Case No. 1:20-cv-3658-MLB

v.

Fulton County Board of
Commissioners, et al.,

                   Defendants.

_____/

## **OPINION & ORDER**

Plaintiff Gene Law, III sued Defendants Fulton County Board of Commissioners ("BOC"), Robb Pitts, Liz Hausmann, Bob Ellis, Lee Morris, Natalie Hall, Marvin S. Arrington Jr., Joe Carn, Kenneth Hermon Jr., and Sheriff Theodore Jackson, seeking a writ of prohibition and/or mandamus, declaratory judgment, and preliminary and permanent injunctive relief.  (Dkt. 20.)  Defendants Pitts and Hermon move to dismiss for failure to state a claim.  (Dkt. 21.)  The Court grants

that motion.  Defendant BOC moves to dismiss for failure to state a claim.

(Dkt. 22.)  The Court grants that motion as well.[1]

## I.    Background

Defendant BOC is a public entity established, organized, and authorized pursuant to Section 1-70 of the Code of Resolution of Fulton County, Georgia.  (Dkt. 20 ¶ 11.)  Defendant Pitts is the Chairman of the BOC and one of its seven Commissioners.  (*Id.*)

Plaintiff was hired by the Fulton County Sheriff's Office ("FCSO") on October 4, 2017.  (*Id.* ¶ 12.)  After finishing his probationary period, Plaintiff became a classified employee of the county.  (*Id.* ¶ 13.)  As such, Plaintiff could be disciplined only for cause and had the right to challenge any disciplinary against him.  (*Id.* ¶ 15.)  Until April 2019, he could appeal disciplinary action to a group of individuals known as the Fulton County Personnel Board and then to the Fulton County Superior Court.  (*Id.* ¶¶ 16–17.)   In 2019, Defendant BOC passed Resolution No. 19-0221, which abolished the Personnel Board and replaced it with an

---

[1] When the Court states "Defendants," it refers to the moving Defendants—Pitts, Hermon, and BOC.  When the Court refers to an individual Defendant or non-moving Defendant, the Court addresses that party by name.

Administrative Hearing Officer System.  (*Id.* ¶ 18.)  Defendant Hermon, the county's Chief Human Resource Officer, oversees the Administrative Officer system.  (*Id.*)

On March 6, 2020, FCSO terminated Plaintiff for fraud, falsehood, perjury, and malfeasance—all violations of the Fulton County Policy and Procedures.  (*Id.* ¶ 19.)  Plaintiff appealed.  (*Id.* ¶ 21.)  The parties attended a pre-hearing conciliation meeting at which Plaintiff objected to the authority of the administrative hearing officer ("AHO").  (*Id.* ¶ 22.) He later filed a motion objecting to the AHO's authority and calling for reinstatement of the Personnel Board.  (*Id.* ¶ 23.)  An Administrative Hearing Officer held a hearing and issued an order upholding Plaintiff's termination.  (*Id.*)

Prior to the administrative hearing, Plaintiff filed suit seeking declaratory and injunctive relief to prevent enforcement of Resolution #19-0221.  (Dkt. 1-2.)  Defendants removed that action to this Court. (Dkt. 1.)  On July 24, 2021, Plaintiff filed an amended complaint seeking declaratory relief, injunctive relief, a writ of mandamus, and alleging breach of contract.  (Dkt. 20.)  Defendants Pitts, Hermon, and BOC move to dismiss for failure to state a claim.  (Dkts. 21; 22.)

## II.   Legal Standard

A court may dismiss a pleading for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).   Even so, a complaint offering mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).  Put another way, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  This so-called "plausibility standard" is not a probability requirement.  *Id.*  Even if a plaintiff will probably not recover, a complaint may still survive a motion to dismiss for failure to state a claim, and a court reviewing such a motion should bear in mind that it is

4

testing the sufficiency of the complaint, not the merits of the case. *Twombly*, 550 U.S. at 556; *see also AFL-CIO v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) ("[N]otice pleading does not require a plaintiff to specifically plead every element of his cause of action, [but] a complaint must still contain enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory.'" (quoting *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683–84 (11th Cir. 2001))).

## III. Discussion[2]

### A. Shotgun Pleading

Defendants say the amended complaint should be dismissed as a shotgun pleading. The Court agrees.

Shotgun pleadings violate Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), by "fail[ing] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *See Weiland v. Palm Beach Cnty. Sheriff's*

---

[2] Because Defendant BOC's arguments are nearly identical to those raised by Defendants Pitts and Hermon, the Court addresses the motions to dismiss collectively.

*Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).  The four types of shotgun pleadings are:

> [First, and most commonly], a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as [Eleventh Circuit] published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321–23 (footnotes omitted).  The Eleventh Circuit has made clear it has "little tolerance for shotgun pleadings," as "[t]hey waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Defendants contend, and the Court agrees, "Plaintiff commits nearly every infraction constituting a shotgun pleading." (Dkts. 21 at 7;

6

22 at 6.)  First, Plaintiff incorporates and adopts all allegations in each count.  (Dkt. 20 ¶¶ 27, 29, 32, 41.)  *See Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) ("Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense. Shotgun pleadings wreak havoc on the judicial system." (citation omitted)).  Second, the causes of action are not clearly identified and instead the complaint appears to combine claims.  (*See* Dkt. 20 at 9–13.) *See Malone v. Cherokee Cnty.*, No. 1:17-cv-1666, 2018 WL 830170, at *4 (N.D. Ga. Feb. 9, 2018) ("While the Complaint does have individual counts, each count does not appear to correspond to any particular claim.").  Third, Plaintiff either fails to identify any Defendant as the subject of a claim or just references them all by use of the term "Defendants."  (*See* Dkt. 20 ¶ 28 (failing to indicate against whom Plaintiff seeks a judicial declaration).)

The Court thus dismisses the amended complaint as a shotgun pleading.  Nevertheless, and in an abundance of caution, the Court does its best to make sense of Plaintiff's claims, "namely the deprivation of

Plaintiff's due process rights" and addresses Defendants' substantive motion to dismiss. (Dkts. 29 at 5; 30 at 5.)

## B.   Standing and Mootness

Plaintiff seeks declaratory and injunctive relief. Regarding the former, Plaintiff seeks a declaratory judgment that Defendants' policies and procedures implemented under Resolution #19-0221 are unconstitutional and direct violations of Plaintiff's rights under the United States and Georgia constitutions. (Dkt. 20 ¶¶ 1, 28.) The Court interprets this as Plaintiff alleging two injuries and seeking two declarations: (1) a declaration that the policies and procedures enacted under Resolution #19-0221 are unconstitutional and (2) a declaration the policies and procedures enacted under Resolution #19-0221 violate Plaintiff's constitutional rights. In terms of injunctive relief, Plaintiff seeks to restrain the BOC and the individual Defendants from acting pursuant to Resolution #19-0221. (*Id.* ¶¶ 1, 30–31.)

Defendants contend Plaintiff's request for injunctive and declaratory relief should be dismissed as moot since the disciplinary administrative hearing that is the subject of Plaintiff's complaint already occurred. (Dkts. 21 at 9; 22 at 9.) The Court agrees.

8

To establish Article III standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). At a minimum, therefore, a plaintiff must "show . . . that he has suffered an injury in fact—some harm to a legal interest that is *actual or imminent,* not conjectural or hypothetical." *Bowen v. First Family Fin. Servs., Inc.,* 233 F.3d 1331, 1339 (11th Cir. 2000) (internal quotation marks omitted.) In order for there to be a real case or controversy, "the issues in play at the outset must remain alive. Mootness doctrine ensures that a justiciable case or controversy is present 'at all stages of review.'" *Gagliardi v. TJCV Land Trust*, 889 F.3d 728, 732 (11th Cir. 2018). A court must, therefore, analyze a challenge to injunctive and declaratory relief on mootness grounds under Rule 12(b)(1) for lack of subject matter jurisdiction. *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1182 (11th Cir. 2007). The Eleventh Circuit has explained the relationship between mootness and a court's subject matter jurisdiction this way:

> Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of "Cases" and

"Controversies." . . . [A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. If events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed.

*Id.* So, "to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Walden v. Ctrs. For Disease Control & Prevention*, 669 F.3d 1277, 1284 (11th Cir. 2012) (citation omitted).

Plaintiff concedes he may no longer be able to obtain injunctive relief with respect to the disciplinary hearing, essentially conceding his claim for injunctive relief is moot. The Court agrees. But Plaintiff contends he still has claims for declaratory relief and breach of contract that remain live. (Dkts. 29 at 6; 30 at 6.) The Court disagrees.

Plaintiff's request for a declaration that the policies enacted in Resolution #19-0221 violate his constitutional rights is moot. Plaintiff originally filed suit before his administrative hearing. But he failed to obtain immediate injunctive relief and the AHO already conducted the hearing and issued its decision. (Dkt. 20 ¶ 24.) Defendants thus argue

10

that, while Plaintiff's declaratory judgment claims may have been viable when the termination hearing was in the future, the completed hearing renders his claims moot.  (Dkts. 21 at 10; 22 at 9.)   Plaintiff cannot explain what the Court could declare about the concluded hearing or the process followed, or how any such declaration would impact an inevitable future act involving Plaintiff.  (Dkts. 39 at 5; 38 at 5.)  Plaintiff "may not obtain declaratory relief as to past constitutional violations" and therefore he cannot obtain a declaration that Defendants' policies and procedures violated his rights.  *Culpepper v. City of Atlanta*, No. 1:12-CV-2180, 2014 WL 12526289, at *4 (N.D. Ga. 2014).  The Court dismisses Plaintiff's request for any such declaration.[3]

Plaintiff's more general request for a declaration that the policies enacted in Resolution #19-0221 are unconstitutional is likewise moot.

---

[3] There is an exception to the mootness doctrine when the harm is capable of repetition yet evading review.  "[T]he capable-of-repetition doctrine applies only in exceptional situations," *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983), "where the following two circumstances [are] simultaneously present: (1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Spencer v. Kemna*, 523 U.S. 1, 17–18 (1998).  Plaintiff does not allege his situation satisfies these requirements, and the Court doubts it would.

Plaintiff's allegations fail to demonstrate how such a declaration would redress Plaintiff's injury—his termination.  *See Spokeo*, 136 S. Ct. at 1547 (standing requires that it be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision).  A declaration that Resolution #19-0221 is unconstitutional, standing alone, does nothing to help Plaintiff.  To ameliorate any ongoing effects of the termination, a declaration would have to be accompanied by an injunction as his employment has already been terminated and he would need to be reinstated, but Plaintiff concedes he may no longer seek an injunction.[4]

The Court thus dismisses Plaintiff's claim for declaratory relief.

In Plaintiff's response to Defendants' motion to dismiss, he claims his claim for breach of contract "remain[s] live."  (Dkts. 29 at 6; 30 at 6.)

_____

[4] Plaintiff also contends because he has litigation pending in connection with the disciplinary hearing, as the decision has been appealed to the Fulton County Superior Court, the Court can still provide a remedy and relief in this litigation.  (Dkts. 29 at 7; 30 at 7.)  But "only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise."  *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (en banc).  If Plaintiff contends his constitutional claims are not moot because he has appeals rights, he fails to state a claim that the termination proceedings are constitutionally inadequate for a Section 1983 claim.

The complaint includes one allegation as to Plaintiff's breach of contract claim:

> Defendant Sheriff Theodore "Ted" Jackson entered into a contract with Plaintiff which guaranteed him a hearing before the Personnel Board. Defendant Sheriff Theodore "Ted" Jackson breached said contract with him when he failed to object to the abolishment of the Personnel Board, argued that said action was appropriate, and participated in the AHO hearing on the termination appeal.

(Dkt. 20 ¶ 42.)  Defendants interpret this allegation to bring a breach of contract claim *only* against Defendant Jackson.  (Dkts. 39 at 6–7; 38 at 6–7.)  The Court agrees.  Even giving Plaintiff all possible benefit of the doubt, this language cannot be interpreted as asserting a breach of contract claim against anyone other than Defendant Jackson.  The breach of contract claim is irrelevant to Defendants' motion to dismiss, and this Order is irrelevant to that claim.

## C.   Legislative Immunity

Defendants Pitts and BOC assert they are entitled to legislative immunity from all Plaintiff's claims against them.  (Dkts. 21 at 10–11; 22 at 9–10.)  Legislative immunity applies when a plaintiff challenges an official's act that is legislative in nature.  *Woods v. Gamel*, 132 F.3d 1417, 1419 (11th Cir. 1998).  It extends to local commission members.  *Ellis v.*

*Coffee Cnty. Bd. of Registrars,* 981 F.2d 1185, 1190 (11th Cir. 1993). "Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998). Voting for legislation is a legislative act. *DeSisto College, Inc. v. Line*, 888 F.2d 755, 765 (11th Cir. 1989) ("[V]oting, debate and reacting to public opinion are manifestly in furtherance of legislative duties."), *cert. denied*, 495 U.S. 952 (1990). But the enforcement of a previously established regulation is not a legislative act that warrants legislative immunity. *Dawson Cnty. Bd. of Comm'rs v. Dawson Forest Holdings, LLC*, 850 S.E.2d 870, 876–77 ("[W]e are not persuaded that legislative immunity would bar a suit seeking relief against officials for acts taken while wearing their *enforcement*, rather than legislative, hats."). "[M]ere administrative application of existing policies" is thus not a "legislative" act. *Crymes v. DeKalb Cnty.*, 923 F.2d 1482, 1485 (11th Cir. 1991). "[O]fficials seeking absolute immunity must show that such immunity is justified for the governmental function at issue." *Hafer v. Melo*, 502 U.S. 21, 29 (1991) (internal citation omitted).

Defendants Pitts and BOC contend Plaintiff cannot sue them to reverse abolishment of the Personnel Board or for any associated liability

because that action resulted from legislative action, specifically the passage of Resolution #19-022. (Dkts. 21 at 11; 22 at 10.) Plaintiff argues legislative immunity does not apply to someone who enforces an unlawful rule. (Dkts. 29 at 7; 30 at 8.) The problem with Plaintiff's argument is that he does not allege Defendants Pitts or BOC are "enforcers" of Resolution #19-0221. Rather, he alleges Defendant Hermon (who did not raise legislative immunity) is responsible for administering the Administrative Officer system. (Dkt. 20 ¶ 11.) Plaintiff argues in his brief that Defendants Pitts and BOC "will *prospectively* enforce the unlawful disciplinary process given that they abolished the Personnel Board in favor of the lone hearing officer model." (Dkts. 29 at 8; 30 at 8.) That is pure speculation. Plaintiff alleged in his amended complaint that Defendant BOC (of which Defendant Pitts is the Chairman) acted unlawfully when it adopted Resolution #19-0221. This is an attack on Defendants BOC and Pitts actions while engaging in a legislative function and falls squarely within the doctrine of legislative immunity. *See Ellis*, 981 F.2d at 1190 ("the specific query in [legislative immunity] case is whether the subject county commissioners were engaging in their

legislative function when they participated" in the challenged conduct). The Court thus dismisses all claims against Defendants Pitts and BOC.[5]

## D.    Section 1983

In the amended complaint, Plaintiff alleges his claims arise under 42 U.S.C. § 1983.  (Dkt. 20 ¶ 2.)  He includes no other allegations and does not even include a cause of action under this statute.  Defendants move to dismiss any such 1983 claims, arguing Plaintiff's allegations do not establish a due process violation.[6]  (Dkts. 21 at 11; 22 at 10.)  The Court agrees.

A section 1983 procedural due process claim rests on three elements: (1) a deprivation of a constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process.  *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994).[7]  "In

---

[5] Even if Plaintiff's claims against Defendants Pitts and BOC were not barred by legislative immunity, they would still be dismissed for the reasons discussed below.

[6] Defendants also request the Court strike Plaintiff's request for injunctive relief against Defendants in their individual capacities, but Plaintiff concedes he may no longer be able to obtain injunctive relief. (Dkts. 29 at 6; 30 at 6.)  The Court thus does not address this argument.

[7] For purposes of this motion, Defendants concede Plaintiff's termination satisfies the first two elements, but argue Plaintiff's allegations cannot satisfy the third element.  (Dkts. 21 at 12; 22 at 11.)

procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).

> The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process. Therefore, to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate.

*Id.* at 126. Due process is thus a flexible concept. *Id.* at 127.

Plaintiff seems to allege (and Defendants do not dispute) that he had a property interest in continued employment. (Dkts. 38 at 9; 39 at 9.) In such a situation, an employee is entitled to "some kind of a hearing" prior to termination of employment. *Zinermon*, 494 U.S. at 127; *see also Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) ("'[T]he root requirement' of the Due Process Clause" is "'that an individual be given an opportunity for a hearing *before* he is deprived of any significant protected interest'"). This includes oral, or at the very least, written notice of the charges, an explanation of the employer's evidence in support of termination, and an opportunity for the employee to present

his or her side of the story. *Cochran v. Collins*, 253 F. Supp. 2d 1295, 1304 (N.D. Ga. 2003). Plaintiff does not contend Defendants failed to provide this process or that they did so in a meaningless way. Rather, he contends Defendants denied him due process by causing his termination hearing to occur before an administrative hearing officer rather than a personnel board. But a proceeding before an AHO, rather than before a personnel board, does not—by itself—violate federal due process rights. *See Laskar v. Peterson*, 771 F.3d 1291, 1299 (11th Cir. 2014) ("Neither *Holley* [*v. Seminole Cnty. Sch. Dist.*, 755 F.2d 1492 (11th Cir. 1985)] nor *Loudermill* nor the cases cited by [the plaintiff] mandates that [the plaintiff] should have *also* received a hearing before [the university president] or an in-person meeting with the Board of Regents prior to his termination."). The burden at this point in the litigation is for Plaintiff to include allegations sufficient to establish a reasonable inference that the process afforded him violated due process. By failing to include any allegations as to the process he received, and instead merely alleging that he would have preferred a different process, he does not satisfy that burden.

Plaintiff contends Defendants miss the point of his claims because "Defendants did not have the authority to change the disciplinary process and, deprive Plaintiff of his due process right, in the first place." (Dkts. 29 at 9; 30 at 9.)  In other words, he claims that, since he was hired at a time when employees were entitled to challenge disciplinary process before a personnel board, he had a constitutional right throughout his employment to that process.  But again, what matters is the process afforded him, not what he would have preferred.

In his Response Brief, Plaintiff argues Defendant BOC's decision to change the process violates the Home Rule provision of the Georgia Constitution.  Plaintiff included no such allegations in his amended complaint.  And the Court rejects that claim anyway.  Plaintiff brought a *federal* due process claim.  As such, the proper inquiry is whether the process violated minimum federal due process requirements, not whether it complied with state law.  *See Harris v. Birmingham Bd. of Educ.*, 817 F.2d 1525, 1527 (11th Cir. 1987) ("Even if the notice in this case is insufficient to satisfy the state statute, the state statute does not define the process due under the federal Constitution. Therefore, even if the

state statute has been violated, that does not prove a violation of a federal constitutional right.").

Moreover, Plaintiff concedes Defendant BOC changed the employment disciplinary process through Resolution #19-0221—that is the legislative process. "When a government entity deprives someone of property through the legislative process, as opposed to an adjudication, the aggrieved party is 'not entitled to procedural due process above and beyond that which already is provided by the legislative process.'" *Alvarez v. Sch. Bd. of Miami-Dade Cnty.*, Nos. 20-12448; 21-10704, 2021 WL 2935366, at *4 (11th Cir. 2021) (quoting *75 Acres, LLC v. Miami-Dade Cnty.*, 338 F.3d 1288, 1293 (11th Cir. 2003)). "When the legislature passes a law which affects a general class of persons, those persons have all received procedural due process—the legislative process." *75 Acres*, 338 F.3d at 1294. Plaintiff "does not explain how the process here is somehow exempt from the rule that legislative process is all the process that is due when property is deprived legislatively." 2021 WL 2935366, at *4.

For these reasons, the Court dismisses Plaintiff's section 1983 procedural due process claims against Defendants.[8]

### E.    State Law Claims

#### 1.    Sovereign Immunity

Defendants contend they are shielded by sovereign immunity. (Dkts. 21 at 15; 22 at 13.)   Under Georgia law, sovereign immunity extends to the State and all of its departments and agencies, including counties and their commissioners.   *Carter v. Butts Cnty., Ga.*, 821 F.3d 1310, 1323 (11th Cir. 2016).   "[T]he governing body of a county is a board of commissioners."   *SP Frederica, LLC v. Glynn Cnty.*, 173 F. Supp. 3d 1362, 1374 (S.D. Ga. 2016) (citing O.C.G.A. § 36-5-20).   A suit against the board of commissioners is just a suit against the county.   *Id.* at 1374–75. And,

> [a]s provided in Georgia's [C]onstitution, sovereign immunity extends to the counties, and a county's sovereign immunity "can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver."  Ga. Const. of 1983, Art. I, Sec. II, Par. IX(e).  *See also* O.C.G.A. § 36-1-4 ("A county is not liable to suit for any cause of action unless made so by statute.").  Under Georgia law, sovereign immunity is an immunity from suit, rather than a mere defense to liability,

---

[8] The Court does not interpret Plaintiff's amended complaint to raise any substantive due process claims.

and, therefore, whether a governmental defendant has waived its sovereign immunity is a threshold issue. A waiver of sovereign immunity must be established by the party seeking to benefit from that waiver.

*Bd. of Comm'rs of Glynn Cnty. v. Johnson*, 717 S.E.2d 272, 274 (Ga. Ct. App. 2011) (citing *McCobb v. Clayton Cnty.*, 710 S.E.2d 207 (Ga. Ct. App. 2011)).  Plaintiff has identified no action by Defendant BOC that would warrant a waiver of its immunity.  Sovereign immunity thus bars claims against Defendant BOC.

Defendants Pitts and Hermon also contend they are shielded by sovereign immunity.   (Dkt. 21 at 15.)   Plaintiff argues sovereign immunity is inapplicable because Defendants Pitts and Hermon were sued in both their official and individual capacities and sovereign immunity does not apply to suits against government officials in their individual capacities.  (Dkt. 29 at 8.)  Plaintiff is correct that sovereign immunity "does not apply to claims for prospective relief against government officials sued in their *individual* capacities for unlawful actions taken under the color of their offices."  *Sterigenics U.S., LLC v. Cobb Cnty., Ga.*, No. 1:20-cv-01382, 2021 WL 2667530, at *7 (N.D. Ga. Feb. 25, 2021).  But sovereign immunity does preclude claims seeking injunctive and declaratory relief against government officials in their

*official* capacities. *Lathrop v. Deal*, 801 S.E.2d 867, 879–80 (Ga. 2017). The Court thus dismisses Plaintiff's state law claims against Defendants Pitts and Hermon in their official capacities.

### 2.   State Due Process Claim

Defendants move for dismissal of Plaintiff's state due process claim. (Dkts. 21 at 16; 22 at 14–15.)  Due process under the Georgia Constitution provides the same procedural rights in public employment cases as the federal due process clause. *See Camden Cnty. v. Haddock*, 523 S.E.2d 291, 292 (Ga. 1999).  "Under both clauses, the state must give notice and an opportunity to be heard to a person deprived of a property interest." *Id.*  The Court dismisses Plaintiff's state law due process claims for the same reasons it dismisses his Section 1983 claims.

### 3.   Writs of Mandamus and Prohibition

Plaintiff seeks a writ of prohibition and a writ of mandamus ordering Defendants to reinstate the Fulton County Personnel Board to hear Plaintiff's appeal.  (Dkt. 20 ¶¶ 38–40.)  Defendants contend these writs are not available as a matter of law.  (Dkts. 21 at 17–22; 22 at 16–19.)  "Writs of mandamus and prohibition are extraordinary remedies available in limited circumstances to compel action or inaction on the

part of a public officer when there is no other adequate legal remedy." *Ford Motor Co. v. Lawrence*, 612 S.E.2d 301, 303 (Ga. 2005). These writs are "properly issued only if (1) no other adequate legal remedy is available to effectuate the relief sought; and (2) the applicant has a clear legal right to such relief." *Bibb Cnty. v. Monroe Cnty.*, 755 S.E.2d 760, 766 (Ga. 2014). The other remedy must be adequate, but "expectation that utilization of the other remedy will result in an adverse decision does not render the other remedy inadequate." *Carnes v. Crawford*, 272 S.E.2d 690, 691 (Ga. 1980). Plaintiff indicates he "still has litigation pending in connection with the disciplinary hearing as that decision has been appealed to the Fulton County Superior Court." (Dkts. 29 at 7; 30 at 7.) *See* O.C.G.A. § 5-4-1 ("The writ of certiorari shall lie for the correction of errors committed by any inferior judicatory or any person exercising judicial powers."). "[W]here a litigant seeks to compel some action that could be obtained by pursuing certiorari in superior court . . . mandamus will not lie." *Blalock v. Cartwright*, 799 S.E.2d 225, 227 (Ga. 2017); *see McClung v. Richardson*, 207 S.E.2d 472, 473 (Ga. 1974) ("If there be a specific remedy by certiorari, the right of mandamus will not lie."). Plaintiff thus has an adequate alternative remedy to relief. *See*

*McClung*, 207 S.E.2d at 474 (writ of mandamus not available where litigant could seek reinstatement to police force by pursuing review via certiorari). The Court grants Defendants' motions to dismiss and denies Plaintiff's requests for a writ of mandamus and prohibition.

## IV.  Conclusion

The Court **GRANTS** Defendants Robb Pitts and Kenneth L. Hermon, Jr.'s Motion to Dismiss Plaintiff's Amended Verified Complaint. (Dkt. 21.)

The Court **GRANTS** Defendant Fulton County Board of Commissioners' Motion to Dismiss Plaintiff's Amended Verified Complaint. (Dkt. 22.)

The claims allowed to proceed are those against the non-moving Defendants. Defendants Hausmann, Ellis, Morris, Hall, Arrington, Labat, and Abdur-Rahman have pending motions to dismiss. (Dkts. 42; 43.) The Court reserves ruling on whether to order Plaintiff to amend his complaint because it is a shotgun pleading.

**SO ORDERED** this 25th day of February, 2022.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE