# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Gene Law, III,

        Plaintiff,

v.

        Case No. 1:20-cv-3658-MLB

Liz Hausmann, et al.,

        Defendants.

_____/

## OPINION & ORDER

Plaintiff Gene Law, III sued Defendants Liz Hausmann, Bob Ellis, Lee Morris, Natalie Hall, Marvin S. Arrington Jr., Joe Carn, Sheriff Theodore Jackson, Khadijah Abdur-Rahman,[1] and Patrick Labat[2]

---

[1] On January 1, 2021, Defendant Abdur-Rahman replaced Defendant Joe Carn as the new member of the Fulton County Board of Commissioners ("BOC"). (Dkt. 58 at 1.) Defendant Abdur-Rahman is substituted for Defendant Carn as to Plaintiff's initial claims against Defendant Carn in his official capacity. *See* O.C.G.A. § 9-11-25(d)(1) ("When a public officer is a party to an action in his official capacity and during its pendency . . . ceases to hold office, . . . his successor is automatically substituted as a party.").

[2] On January 1, 2021, Defendant Patrick Labat replaced Defendant Theodore Jackson as the new Fulton County Sheriff. (Dkt. 58 at 1.) Defendant Labat is substituted for Defendant Jackson as to Plaintiff's

seeking a writ of prohibition and/or mandamus, declaratory judgment, and preliminary and permanent injunctive relief.[3] (Dkt. 20.) The parties filed six motions (Dkts. 42; 43; 57; 58; 60; 61), and the Court held a hearing to discuss them on June 8, 2022.

## I.   Background

The BOC is a public entity established, organized, and authorized pursuant to Section 1-70 of the Code of Resolution of Fulton County, Georgia. (Dkt. 20 ¶ 11.) Defendants Hausmann, Ellis, Morris, Hall, Arrington, and Abdur-Rahman are members of the BOC. (*Id.*) Defendant Labat is the sheriff of Fulton County, Georgia. (*Id.*) As noted above, Defendant Carn is a former member of the BOC and Defendant Jackson is the former sheriff of Fulton County, Georgia. (Dkts. 20 ¶ 11; 58 at 1.)

Plaintiff was hired by the Fulton County Sheriff's Office ("FCSO") in October 2017. (Dkt. 20 ¶ 12.) After finishing his probationary period,

---

initial claims against Defendant Jackson in his official capacity. *See* O.C.G.A. § 9-11-25(d)(1) ("When a public officer is a party to an action in his official capacity and during its pendency . . . ceases to hold office, . . . his successor is automatically substituted as a party.").
[3] The Court previously dismissed the BOC, Robb Pitts, and Kenneth Hermon Jr.  (Dkt. 56.)

Plaintiff became a classified employee of the county. (*Id.* ¶ 13.) As such, Plaintiff could be disciplined only for cause and had the right to challenge any disciplinary action taken against him. (*Id.* ¶ 15.) Until April 2019, he could appeal disciplinary action to a group of individuals known as the Fulton County Personnel Board and then to the Fulton County Superior Court. (*Id.* ¶¶ 16–17.) In 2019, the BOC passed Resolution No. 19-0221, which abolished the Personnel Board and replaced it with an Administrative Hearing Officer System. (*Id.* ¶ 18.)

On March 6, 2020, FCSO terminated Plaintiff for fraud, falsehood, perjury, and malfeasance—all violations of the Fulton County Policy and Procedures. (*Id.* ¶ 19.) Plaintiff appealed. (*Id.* ¶ 21.) The parties attended a pre-hearing conciliation meeting at which Plaintiff objected to the authority of the administrative hearing officer ("AHO"). (*Id.* ¶ 22.) Defendant Jackson opposed the objection. (*Id.*) Plaintiff also later filed a motion, which Defendant Jackson opposed, objecting to the AHO's authority and calling for reinstatement of the Personnel Board. (*Id.* ¶ 23.) An Administrative Hearing Officer held a hearing and issued an order upholding Plaintiff's termination. (*Id.* ¶ 24.)

Prior to the administrative hearing, Plaintiff filed suit seeking declaratory and injunctive relief to prevent enforcement of Resolution #19-0221. (Dkt. 1-2.) Defendants removed that action to this Court. (Dkt. 1.) On July 24, 2021, Plaintiff filed an amended complaint seeking declaratory relief, injunctive relief, a writ of mandamus and/or mandamus, and alleging breach of contract. (Dkt. 20.)

## II. Motion to Voluntarily Dismiss

Plaintiff moves pursuant to Rule 41(a)(2) to voluntarily dismiss his federal claims and remand the case to the Superior Court of Fulton County. (Dkt. 60.) Rule 41(a) states:

(1) By the Plaintiff.

    (A) Without a Court Order. . . . [T]he plaintiff may dismiss an action without a court order by filing:

        (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

        (ii) a stipulation of dismissal signed by all parties who have appeared.

. . .

(2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper.

4

Fed. R. Civ. P. 41(a).

At the June 8 hearing, the parties agreed Rule 41(a) cannot be used to dismiss less than all claims brought against a defendant. *See Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 956 (11th Cir. 2018) ("Rule 41(a)(1), according to its plain text, permits voluntary dismissals only of entire 'actions,' not claims."); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action."); *Orr v. Rogers*, No. 4:20-CV-00134, 2021 WL 456632, at *4 (N.D. Ga. Jan. 6, 2021) ("Based on . . . controlling law, the Court finds that to dismiss Counts VII, IV, and XI, Plaintiff must either dismiss his entire lawsuit pursuant to Rule 41(a)(1)(A)(i), or file a motion for leave to amend pursuant to Rule 15."); *Brooks v. Equitable Ascent Fin.*, No. 6:13-cv-667, 2013 WL 1830693, at *1 (M.D. Fla. May 1, 2013) ("Rule 41(a) . . . cannot be used to dismiss less than all claims brought against a defendant."); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2362 (4th ed. 2022) ("It seems well established that when multiple claims are filed against a particular defendant, Rule 41(a) is applicable

5

only to the voluntary dismissal of all claims against the defendant; many of these courts, but not all, have indicated that a plaintiff who wishes to eliminate some claims but not others should do so by moving to amend pursuant to Rule 15."). "A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)." *Klay*, 376 F.3d at 1006. The Court thus denies Plaintiff's motion for voluntary dismissal of federal claims and remand. (Dkt. 60.)

## III. Motions to Dismiss

Defendants filed three motions to dismiss. (Dkts. 42; 43; 57.) Defendants Jackson and Carn moved to dismiss pursuant to Rules 12(b)(5) and 4(m) for failure to effect service of process. (Dkt. 57.) At the June 8 hearing, Plaintiff agreed Defendants Carn and Jackson should be dismissed with prejudice. With Plaintiff's consent, the Court thus grants Defendant Carn and Jackson's motion and dismisses those Defendants with prejudice in all capacities.[4]  (*Id.*)

---

[4] Because Defendant Abdur-Rahman is automatically substituted for Defendant Carn and Defendant Labat is automatically substituted for Defendant Jackson as to Plaintiff's claims against those original Defendants in their official capacities and Plaintiff agrees his claims

6

Defendants Abdur-Rahman, Arrington, Ellis, Hall, Hausmann, and Morris moved to dismiss (Dkt. 42) as did Defendant Labat (Dkt. 43). At the June 8 hearing, Plaintiff asked the Court to treat the motions to dismiss his federal claims (i.e., claims for violation of due process under the Fourteenth Amendment of the U.S. Constitution and under 42 U.S.C. § 1983 and for attorneys' fees pursuant to 42 U.S.C. § 1988) as unopposed. Plaintiff also agreed the dismissal of such claims should be with prejudice. The Court thus grants in part and denies in part those motions to dismiss. (Dkts. 42; 43.) With Plaintiff's agreement, the Court grants the motions to dismiss as to Plaintiff's federal claims and dismisses those claims with prejudice. (*Id.*) The Court denies the motions to dismiss as to Plaintiff's state law claims and allows Plaintiff to file a second amended complaint within forty-five days. (*Id.*) The Court allows Plaintiff to file a second amended complaint, in part, because the current complaint is a shotgun pleading, as determined in the Court's order on Defendants Pitts, Hermon, and the BOC's motions to dismiss. (*See* Dkt.

---

against Defendants Jackson and Carn in their individual capacities should be dismissed, the Court denies as moot Plaintiff's motion to substitute party. (Dkt. 58.)

56 at 5–8.) Plaintiff should consider the Court's guidance in that Order in amending his complaint.

## IV. Supplemental Jurisdiction

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. They also have supplemental jurisdiction over all other claims, including state law claims, that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). When deciding whether to exercise supplemental jurisdiction over a state law claim, a district court should consider, among other factors, "judicial economy, convenience, fairness, and comity." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction" and remand the case back to the state court.

8

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted).

The Court finds the interests of judicial economy, convenience, and fairness weigh against declining to exercise supplemental jurisdiction. First, the Court and Defendants have spent significant judicial resources, time, and effort on this case, including Defendants having filed twelve briefs on seven motions to dismiss. *See Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 746 (11th Cir. 2006) (noting a court should retain jurisdiction over state law claims "where substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort" (quoting *Graf v. Elgin, Joliet & E. Ry. Co.*, 790 F.2d 1341, 1347–48 (7th Cir. 1986))). Second, the Court has already ruled on several issues with respect to Defendants Pitts (the Chairman of the BOC and one of the seven Commissioners who serve on the BOC) and Hermon (the Chief Human Resource Officer of Fulton County). (Dkt. 56.) The issues already ruled on by the Court in its February 25, 2022 Order are almost identical to issues raised by the other commissioners in their pending motion to dismiss the state law claims. (Dkt. 42.) That Order will impact the Second Amended

9

Complaint and the subsequent litigation. The Court thus has expended significant resources that will assist in a more efficient resolution of this case than simply sending it back to state court to start over. Third, the Court is concerned Plaintiff's lack of focus and shifting positions will lead to a restart of this case if it were remanded to state court. Fourth, Defendants were brought into this case and deserve to move forward and hold Plaintiff to the rulings that have been made. It would be unfair and prejudicial to Defendants to start his case anew. Fifth, in a similar vein, the Court is concerned remand will lead to different treatment of Defendants in similar situations. For these reasons, the reasons addressed in Defendants' response to Plaintiff's motion for voluntary dismissal (Dkt. 62), and the reasons discussed during the June 8 hearing, the Court retains supplemental jurisdiction over Plaintiff's state-law claims.

## V.   Motion for Sanctions

Defendants seek sanctions against Plaintiff pursuant to Rule 11 and 28 U.S.C. § 1927. (Dkt. 61.) The Court denies that motion.

Under Rule 11, an attorney who presents a pleading, motion, or other paper in federal court certifies that, to the best of the attorney's knowledge, based on a reasonable inquiry, the following is true:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). "The purpose of Rule 11 sanctions is to 'reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers.'" *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003) (quoting *Massengale v. Ray*, 267 F.3d 1298, 1302–03 (11th Cir. 2001)). If it is later determined the attorney did not comply with Rule 11(b), the Court may impose appropriate sanctions on the "attorney, law firm, or party that violated the rule or is responsible for

11

the violation." Fed. R. Civ. P. 11(c)(1). "In deciding whether the signer or the represented party has violated . . . Rule 11, a federal district court is required to evaluate whether the motion, pleading or other paper reflected what could reasonably have been believed by the signer at the time of signing." *Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1331 (11th Cir. 1992).

Under 28 U.S.C. § 1927, an attorney who unreasonably and vexatiously multiplies proceedings may be required "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[5] 28 U.S.C. § 1927. "An attorney multiplies court proceedings unreasonably and vexatiously, thereby justifying sanctions under 28 U.S.C. § 1927, only when the attorney's conduct is so egregious that it is tantamount to bad faith." *Eldridge v. EDCare Mgmt.*,

---

[5] An attorney threatened with sanctions under § 1927 is entitled to a hearing. *See Amlong & Amlong, P.A. v. Denny's Inc.*, 500 F.3d 1230, 1242 (11th Cir. 2007). Plaintiff's counsel has not requested a hearing and the Court does not think one would be beneficial. *See Fears v. Keystone Petroleum Transp., LLC*, No. 1:10-CV-02789, 2014 WL 11531066, at *2 (N.D. Ga. Apr. 22, 2014) (holding that the briefing processes were complete and the matter was ripe for resolution after denying a motion for a hearing); *Tidwell v. Krishna Q Invs., LLC*, 935 F. Supp. 2d 1354, 1361 (N.D. Ga. Dec. 18, 2012) (denying a motion for sanctions without a hearing).

*Inc.*, 766 F. App'x 901, 907 (11th Cir. 2019) (quoting *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1282 (11th Cir. 2010) (internal quotation marks omitted)).  The standard for determining whether an attorney is unreasonable and vexatious is an objective one turning "on the attorney's objective conduct." *Amlong*, 500 F.3d at 1239.  Something more than a lack of merit or negligent conduct is needed to support the imposition of sanctions under § 1927.  The decision to impose sanctions pursuant to § 1927 is within the sound discretion of the court.  *Peterson v. BMI Refractories*, 124 F.3d 1386, 1390 (11th Cir. 1997).

Defendants contend Plaintiff's counsel has filed, signed, and advocated in support of the amended complaint, opposed multiple motions to dismiss, and failed to dismiss claims when she knew or should have known the claims and legal positions she took were not warranted or supported by existing law.  (Dkt. 61 at 6.)  Defendants served Plaintiff's counsel with the motion for sanctions in March 2022.  (Dkt. 61-5 at 2.)  In response, on April 4, 2022, before Defendant's motion for sanctions was filed with the Court, Plaintiff tried to dismiss his federal claims and move to remand the case to state court.  (Dkt. 60.)  Plaintiff was attempting to

13

fix the allegedly sanctionable behavior. The Court thus denies Defendants' motion for sanctions. (Dkt. 61.)

## VI. Conclusion

The Court **DENIES** Plaintiff's Motion for Voluntary Dismissal of Federal Claims and for Remand. (Dkt. 60.)

The Court **GRANTS** Defendants Carn and Jackson's Motion to Dismiss. (Dkt. 57.)

The Court **DENIES AS MOOT** Plaintiff's Motion to Amend Case Caption and Substitute Parties. (Dkt. 58.)

The Court **GRANTS IN PART** and **DENIES IN PART** Defendants Abdur-Rahman, Arrington, Ellis, Hall, Hausmann, and Morris's Motion to Dismiss. (Dkt. 42.) The Court **GRANTS IN PART** and **DENIES IN PART** Defendant Labat's Motion to Dismiss. (Dkt. 43.) The Court **DISMISSES WITH PREJUDICE** Plaintiff's federal claims against Defendants Abdur-Rahman, Arrington, Ellis, Hall, Hausmann, Morris, and Labat. The Court **ALLOWS** Plaintiff forty-five (45) days to file a second amended complaint.

The Court **DENIES** Defendants' Motion for Sanctions. (Dkt. 61.)

**SO ORDERED** this 10th day of June, 2022.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE